SMITH, Judge.
In a final decree in favor of the wife, granting a divorce to the parties, the Chancellor also decreed:
That the husband pay to the wife alimony of $250.00 per month;
*30 That the husband pay to the wife the sum of $250.00 per month, per child, for maintenance of the two minor children of the parties; .
The use of the home and furnishings to the wife so long as she has custody of the children, and ordered the husband to pay the taxes and the mortgage on that property;
That certain bank savings accounts, established by the father jointly with each child, were the sole property of the child named in the account; and
That the husband pay the wife’s attorneys fees of $4,000.00.
The decree also made other property divisions which are not here controverted.
These parties were married in 1954. Two sons were born respectively, 1955 and 1957. The husband’s income rapidly increased to the point that in the year 1959 it was approximately $40,000.00 gross. In February, 1960, the wife filed her complaint for separate maintenance and child support. At the final hearing, it was amended to pray for a divorce. The husband answered and counterclaimed for divorce, but offered no testimony in support of the counterclaim.
The husband complains: [1] That all of the sums of money which he was ordered to pay are excessive; [2] That although specifically requested, the Chancellor failed to make allocation, between alimony and maintenance of the children, of the sums ordered to be paid for mortgage and taxes on the home; [3] That the Chancellor erred in holding that the joint savings accounts were the property of the individual child named in the joint account; and, [4] The Court erred in “retaining jurisdiction of the cause to resolve issues between the adult parties litigant.”
In her testimony, the wife itemized the sums of money which she claimed to be necessary for maintenance and support of herself and the two children. The sum of these items was $689.50 per month. The items so specified did not include extra-ordinary medical expenses, renewals and replacements of household furnishings, school expenses of the children, nor income taxes, so it cannot be said that the Chancellor awarded more than the wife’s claimed requirements. Based upon his 1959 income, after the husband pays all payments, except attorneys fees, he will have remaining approximately $16,000.00. At the time of taking the testimony, he anticipated a substantial reduction in his income for the year 1960, but in the findings of the Chancellor, he says:
“ * * * and while there was some evidence that his future earnings might decline, that is a matter which will have to await further order of the Court when and if such conditions occur.”
The awards were made on the basis of his 1959 income; and if his subsequent income shows material reduction, the husband may petition for modification. On the questions pertaining to the amounts of the awards for alimony and maintenance of the children, we repeat here what was said in Platt v. Platt, Fla.App.1958, 103 So.2d253:
“While the award here is ample, if not somewhat generous, it has not been made to appear, upon considering the proven needs of the wife and child and the appellant’s ability to earn and the nature of his assets, that such award is so excessive as to constitute an abuse of the Chancellor’s discretion. Furthermore, jurisdiction was retained for the express purpose of entering such further orders as may become necessary. If the state of appellant’s health or his income declines to such an extent that he is faced with the necessity of disposing of his capital assets in order to comply with the decree, he is privileged to petition for such modification of the award as the circumstances may warrant.”
The allowances to the wife for her attorneys-fees is not construed as a further and additional sum over and above an *31 amount awarded and paid on pendente lite order, and the husband has not demonstrated that the same was excessive, unreasonable, or an abuse of the judicial discretion of the Chancellor. We are, however, of the opinion that this amount is sufficient to compensate the wife’s attorneys for their services on this appeal.
With respect to that part of the final decree ordering that the joint savings accounts in the name of the husband and the children would thereby become the property of the child named in each account, we find that no issue was raised with respect to these accounts in the pleadings and there was no evidence adduced concerning them, except the bare fact that they existed by virtue of the husband having deposited funds in such an account. The evidence did not establish the essential elements of a gift as they are set forth in Webster v. St. Petersburg Federal Savings & Loan Association, 1945, 155 Fla. 412, 20 So.2d 400, and the record does not establish any basis for any special equity or right of the children to the accounts.
Although requested by the husband, the Court failed to allocate, between alimony to the wife and maintenance for the children, the payments of mortgage and taxes that the husband was ordered to make to provide the wife and children with a home. Such an allocation is material for income tax purposes of the parties, and the allocation should have been made. Ginsberg v. Ginsberg, Fla.App.1961, 127 So.2d 137.
In Kosch v. Kosch, Fla.1959, 113 So.2d 547, our Supreme Court suggested that caution dictates that jurisdiction be specifically reserved to modify the terms of a final decree of divorce, but this statement was with reference to that part of the decree providing for the payments for, or in lieu of, separate support, maintenance or alimony, or pertaining to the care, custody and maintenance of the children of the parties, or for the purpose of enforcing compliance with the terms of the final decree. That part of the decree retaining jurisdiction “to resolve issues between the adult parties litigant” is too broad, and this part of the decree should be modified in order that the jurisdiction retained is limited to these specific matters.
The final decree is affirmed, except for: (1) that part determining that the joint savings accounts in the name of the husband and the children became the property of each child; (2) that part reserving jurisdiction; and (3) that part pertaining to the payments of mortgage and taxes on the home, as to which three provisions the decree is reversed with directions to enter a decree thereon in accordance with this opinion.
SHANNON, C. J., and ALLEN, J., concur.