197 So.2d 854 (1967)
Donald R. BURNETT, Appellant,
v.
Mary J. BURNETT, Appellee.
No. H-134.
District Court of Appeal of Florida. First District.
April 20, 1967.
*855 William C. Guthrie, Jr., Jacksonville, for appellant.
John B. Culp, Jr., and John A. Rush, Jacksonville, for appellee.
CARROLL, DONALD K., Judge.
The defendant in a divorce suit has appealed from a final decree entered by the Circuit Court for Duval County, granting a divorce to the plaintiff wife and awarding her the custody of the couple's children, as well as awarding to her support money for the children, attorneys' fees, and costs.
The question presented for our determination in this appeal is whether the Circuit Court abused its discretion in its final decree as to the awards for the said support money, attorneys' fees, and costs. Neither party to this appeal contests the court's granting of a divorce a vinculo matrimonii to the plaintiff.
The plaintiff filed her complaint for divorce against the defendant in the said court, alleging extreme cruelty as the ground therefor and praying for the custody of their children, support, attorney's fees, and suit money. The defendant admitted before the court the truth of the allegations of the complaint with reference to his consorting with and having an affair with a woman other than his wife during the marriage. After the final hearing, in which the testimony presented by the parties was *856 received, the court entered the final decree appealed from herein, ordering as follows: granting the divorce a vinculo matrimonii to the plaintiff; awarding the care, custody, and control of the parties' minor children to the plaintiff, with reasonable visitation rights to the defendant; directing the defendant to pay to the plaintiff $100 a month for the reasonable support and maintenance of each of the parties' five minor children; and ordering the defendant to pay to the plaintiffs' attorneys the sum of $1,000 as a reasonable fee for services rendered by them relative to the support and maintenance of the minor children; and ordering the defendant to pay $143.50 in costs expended by the plaintiff in this cause.
In his appellate brief the appellant-defendant admits in effect that he should provide for the actual needs of his children within his financial ability to do so, but he contends that, in determining the amounts of such payments, he is entitled to have considered a property settlement and child support agreement entered into with the plaintiff during their marriage but after the parties had separated, and is also entitled to have considered his present financial ability, the actual needs of the children, the plaintiff's ability to assist, and the amount the needs are being met from the assets transferred to the plaintiff. We agree that the foregoing are among the many factors that may be taken into consideration in determining the amount of the payments which a husband and father may be required in a divorce decree to make for the support of his minor children, so long as it is remembered that the primary obligation to support the children rests upon the husband and father. See 10 Fla.Jur., Divorce, Separation and Annulment, Sec. 271, page 682. It is impossible, of course, to formulate a general rule applicable to all cases setting forth the exact weight to be given to each factor in relation to the other factors, for every case is to be determined upon the basis of its own evidentiary facts in the exercise of a sound judicial discretion. From our examination of the record, however, we can see no reason to conclude that the Circuit Court in arriving at its conclusions in the final decree did not consider the factors thus named by the appellant as well as the other appropriate factors. In any event, we think that a consideration of those factors, along with other considerations appropriate under the evidence, justified that court's conclusions as to the payments for the support of the minor children and also as to the attorneys' fees.
The parties hereto have five minor children of the ages of 4, 10, 13, 15, and 16 years. Four of the children were born to the parties, one was adopted. The defendant asserts in his brief that his entire income will be about $13,000 annually and claims that he cannot pay the $500 per month for child support ordered by the Circuit Court and the $1,250 attorneys' fees and costs required of him "without substantially, if not fatally, destroying the business which is the source of his income."
The limited scope of our appellate review in cases of this kind was well delineated by the District Court of Appeal, Third District of Florida, in Rogoff v. Rogoff, 115 So.2d 456 (1959), as follows:
"It is well settled that the matters of allowance of alimony and child support are within the sound judicial discretion of the chancellor, based on the evidence presented, and due consideration of the needs of the recipients and the extent of the obligor's ability to meet these burdens. Pross v. Pross, Fla. 1954, 72 So.2d 671; Lindley v. Lindley, Fla. 1955, 84 So.2d 17; Astor v. Astor, Fla. 1956, 89 So.2d 645, 648. See Dworkis v. Dworkis, Fla.App. 1959, 111 So.2d 70, [72 A.L.R.2d 1189]. Such awards should not be disturbed unless they represent an abuse of discretion or are patently erroneous on the record; and an appellant carries the responsibility in an appellate court of clearly demonstrating such error."
*857 As indicated above, we hold that there was sufficient competent, substantial evidence before the Circuit Court to support its final decree appealed from herein as to payments by the defendant for the support of the parties' minor children and as to the award of attorneys' fees. We cannot find from the record that the court abused its sound judicial discretion in so providing, and the defendant, as the appellant, has the burden of demonstrating such error in this appeal.
One provision in the final decree, however, concerns us  the taxing of costs against the defendant in the amount of $143.50. The defendant's point on appeal No. 4, which is based upon his assignments of error Nos. 5 and 6, is that the "chancellor cannot assess costs as to matters not in evidence and without notice to adverse party." He asserts in his brief that no evidence or testimony was presented to the court upon the question of costs, that no motion or other proceeding was filed for the assessment of costs, that he "is completely without knowledge of the various items which comprise the cost award, and was never afforded any opportunity to object to the inclusion of any item." He cites the decision of the Third District Court of Appeal in Wagner v. Moseley, 104 So.2d 86 (1958), as authority for the proposition that costs cannot be awarded upon items not in evidence.
These assertions and contentions concerning costs go unchallenged in the appellee-plaintiff's brief, which does not mention or discuss the appellant's point on appeal No. 4. We have also reviewed the three volumes of the record on appeal in this case and have found therein no motion or other application for the assessment of costs and no itemization of costs that could be the basis for the award of $143.50 as costs in the said final decree. We must assume, therefore, that the plaintiff filed no application for the taxation of costs and no statement itemizing such costs or other evidence thereof, and so the defendant had no opportunity to object to the cost items. Under these circumstances we cannot uphold the award of costs in the final decree appealed from herein.
We have been unable to find any procedural rule, adopted by the Supreme Court of Florida pursuant to its exclusive constitutional authority, laying down the procedure required in the taxation of costs in courts of general jurisdiction, like Circuit Courts. While we have no power to promulgate such a procedural rule, our view is that the precepts of orderly procedure would require that the successful party file in the cause a motion or other application to tax costs, to which should be attached a statement, preferably verified, setting forth the items claimed by him as taxable costs. Such papers should be filed, and copies thereof served upon the opposing party, a reasonable time before the court enters the final judgment or decree, so that there will be sufficient time for the latter party to file any objections he may have to all or any part of such itemization and for the court to hear and adjudicate such items by the time it enters the final judgment or decree. See the excellent discussion of the prevailing practice in Florida as to taxing costs in Florida Civil Trial Practice, Sec. 21.16, page 407, and 14 Florida Law and Practice, Judgments and Decrees, Sec. 114, page 320.
For the foregoing reasons the said final decree must be and it is reversed as to its award of costs against the defendant, and the final decree in all other respects is affirmed, and the cause is remanded for further proceedings consistent with the views herein expressed.
Affirmed in part, reversed in part, and remanded with directions.
RAWLS, C.J., and WIGGINTON, J., concur.