279 So.2d 35 (1973)
Shirley Ann SIMONET, Appellant,
v.
Richard H. SIMONET, Appellee.
No. 72-364.
District Court of Appeal of Florida, Fourth District.
June 8, 1973.
Rehearing Denied July 2, 1973.
Egerton K. van den Berg, of van den Berg, Gay, Burke & Dyer, Orlando, for appellant.
Gilbert S. Goshorn, of Goshorn, Stahley, Nabors & Miller, Titusville, for appellee.
PER CURIAM.
The Circuit Court for Brevard County, Florida entered a final judgment dissolving the marriage of the parties on 21 December 1971. The appellant, Mrs. Simonet contends here that the lower court erred in its award of support for the children of the marriage. (She has raised other contentions which, in our opinion, do not require discussion and are without merit.) We find no error in the trial court's award of support.
The parties have two children. The trial court ordered Mr. Simonet to pay $300.00 per month for their support. Mrs. *36 Simonet contends that this amount is inadequate. The pertinent criteria by which to measure child support is, of course, the child's needs and the parent's ability to pay. The appellant filed two statements in the trial court outlining monthly expenses incurred for her and the children. Unfortunately neither of these statements apportions the expenses between the children and the appellant. On 15 June 1970 the appellant filed one sworn statement indicating that she and the children claimed monthly expenses of $1,127.00. On 22 October 1971 she filed a second statement indicating that she and the children then had combined monthly expenses of $1,364.17.
As to the husband's ability to pay, it appears that Mr. Simonet filed an affidavit on 15 June 1970 alleging monthly expenses of $1,340.97 and forthcoming obligations of $9,525.00. He claimed an income of approximately $21,000.00 for 1970 and the parties apparently treated 1970 as the benchmark year for the compilation of income and expenses. There is evidence, however, indicating that Mr. Simonet's income since 1970 has risen substantially. Whether the increase is merely a temporary increase due to a change in his position or whether it represents a permanent increase in his earning capacity is impossible to determine from the present record.
A review of the record reveals that the trial court had before it for consideration not only the above factors, but a myriad of others, including alleged falsification of resources and expenses and diverse arguments as to Mrs. Simonet's ability to work. It appears to us that the trial judge patiently considered these many items and reached his conclusion based upon what he considered to be the weight of the evidence. The trial judge not only ordered Mr. Simonet to pay $300.00 per month child support, but also granted Mrs. Simonet $3,000.00 in lump sum alimony, title to the family car and title to the family residence.
An appellant seeking to alter an award of support at the appellate level must show a clear abuse of discretion by the trial court. Morse v. Morse, Fla.App. 1966, 191 So.2d 449. In our judgment, the present record simply does not indicate such an abuse of discretion. We would remind, for whatever it may be worth, that if the support provided by the final judgment proves inadequate as the children's ages increase, the trial court may always review the situation on a motion to modify under § 61.14, F.S. 1971, F.S.A.
Affirmed.
REED, C.J., and WALDEN, J., concur.
CROSS, J., dissents with opinion.
CROSS, Judge (dissenting):
I respectfully dissent.
The sole question to which I direct my dissent is the question of child support in view of the fact that the husband in the case sub judice is earning in excess of $35,000 per year and only $150 per month per child was awarded as child support.
The wife concedes that it is her burden to make a record which establishes both her children's needs and her husband's ability to pay in order to justify the award of child support which she seeks. Novack v. Novack, 196 So.2d 499 (Fla.App. 1967). The determination in a divorce suit of the amount to be paid by the father for the care, maintenance, support and education of his minor children is a matter resting largely in the discretion of the trial judge, upon giving due regard to the needs of the children in those respects, their age, station in life and prior manner of living of the parents, as measured against the financial status and ability of the father to supply such needs. Bordman v. Bordman, 231 So.2d 543 (Fla.App. 1970). Unless the father can demonstrate his inability to pay, he should be and he is required to maintain his family at substantially the same living standards he has set for the family. Preston *37 v. Preston, 216 So.2d 31 (Fla.App. 1968). Once the trial court has determined the amount necessary for child support, the wife must show an abuse of the trial court's discretion in order to secure a reversal of the award of child support. Burnett v. Burnett, 197 So.2d 854 (Fla.App. 1967).
In Durden v. Durden, 137 So.2d 29 (Fla.App. 1962) the court determined that an award of $250 per child per month, together with the use of the former marital home, was not an abuse of discretion where the father had a gross income of $40,000. Stated in percentages, this is 7.5% of the father's gross income per child per year. Similarly, in Burnett v. Burnett, supra, the trial court determined that an award of $500 per month for the support of five children where the father's entire annual income was $13,000 was not error. Again in percentages, this is 9.2% of the father's gross income per child per year.
First, as to the husband's ability to pay in the case sub judice the record is clear that the husband is a relatively young man, a certified public accountant with a bright future. The record also establishes that in 1970 the husband had a gross income of approximately $35,000, that his base salary is $20,000,[1] which is supplemented by partnership distributions of the firm to which he now belongs, and by partnership distributions of a firm to which he formerly belonged. However, the latter partnership is now dissolved and the distributions will diminish and eventually cease. During the marriage, the husband's income was less than it is currently. The husband apparently earned approximately $18,000 taxable income, which was the "high-water mark" of his earnings while the marriage was still viable. The marriage was not in fact dissolved until the close of 1971, at which point the husband was earning approximately $37,000 per year. The husband's expenses were testified to be less than $525 per month, though an affidavit submitted by the husband shows his expenses to be substantially higher  $1,340.97 with forthcoming obligations of $9,000. By subsequent affidavit, these amounts were reduced to approximately $1,100 and $7,000, respectively.
The needs of the children are not clearly expressed, as indicated by the majority's opinion, and must be extrapolated from the wife's affidavit setting forth the children's and her monthly expenses, which was received in evidence. This affidavit sets forth the total monthly expense as $1,364.17. On cross-examination of Mrs. Simonet, the figures quoted in the affidavit were not extensively attacked though some figures were criticized. Reducing the wife's and children's combined expenses accordingly (eliminating, e.g., expenses for newspapers, periodicals, etc.), the total figure is still approximately $1,000 per month, or $12,000 per year. While I am not aware of any mathematical formula for determining what percentage of the family's income or of the wife's and children's combined monthly expenses is consumed by the children's needs, I think that it would be reasonable to allocate fifty percent of the $12,000 figure to the children. This sum ($6,000) is $2400 or $100 per child per month more than the trial judge awarded ($3,000) as child support. This figure, by the way, does not include the "present cash requirements" of $3,096.82 also stated in the affidavit.
Accordingly, in view of the established needs of the children and the clear ability of the husband to pay, I would hold the amount awarded by the trial court as child support of $150 per child per month, or 5.14% of the father's gross income ($35,000) per child per year, to be so insufficient as to constitute an abuse of discretion. See Durden v. Durden, supra (7.5% determined proper); Burnett v. Burnett, supra (9.2% determined proper). I would increase the amount of child support at least $50 per *38 child per month, thus making the total payment $400 per month, or $200 per child per month, or 6.9% of the father's gross income per child per year for an increase of 1.7% per child per year.
I would also note that the majority's opinion mentions that the husband claims an income of approximately $21,000 for 1970. This figure is inconsistent with the husband's federal income tax return for 1970, which shows an adjusted gross income of $28,899.59. The husband's gross income, which does not clearly appear in the tax return, does appear to be at least $35,361.62 as reported in the "computation of social security selfemployment tax" on line 2 of part 3.
For the views herein expressed, I would reverse and remand with appropriate directions.
NOTES
[1] The base salary was increased to $25,000 in 1971.