371 So.2d 543 (1979)
Sandra Schiller PAGE, Appellant,
v.
Michel Douglas PAGE, Appellee.
No. 78-1938.
District Court of Appeal of Florida, Third District.
May 29, 1979.
Friedman, Britton, Cohen, Kaufman, Zinkow, Benson & Schantz and John L. Britton, Miami, for appellant.
Abe Koss, Graham C. Miller, Miami, for appellee.
Before HAVERFIELD, C.J., and PEARSON and SCHWARTZ, JJ.
HAVERFIELD, Chief Judge.
Sandra Schiller Page appeals a final dissolution of marriage judgment denying her request for alimony and directing that her husband, the respondent, Michel Douglas Page, pay $40 per week as and for support of their minor son.
*544 The basic issue to be resolved is whether the trial judge erred in his determination of the amount of child support by failing to consider a trust established for Michel Page.
The parties were married three years during which time Michel Page was and is employed by a business owned by his family and earns $100 per week. Although Michel would have difficulty in qualifying as a spendthrift based on his salary; nevertheless, he is the beneficiary of a spendthrift trust which was established by his father and produces an annual income of approximately $17,000. With respect to the distribution of income, the trust contains the following:
.....
"Paragraph 1: The Trustee shall hold the entire Trust Estate which it has received under this Instrument together with all additions, accretions, gains, profits, income or other enhancements thereof for the benefit of MICHEL D. PAGE or his issue, in accordance with the following provisions:
"A. Prior to the Termination Event (as defined in Paragraph 2 below) the Trustee may in the exercise of its sole discretion, either:
"(1) Accumulate all or any portion of the net income of the Trust, or
"(2) Distribute to or for the benefit of the Beneficiary, all or any portion of the net income of the Trust as such net income shall be from time to time determined in accordance with the provisions of this Instrument. Subject to the provisions of Article III (relating to Spendthrift Provisions), distributions of income may be made to or for the benefit of the Beneficiary for any lawful purpose, including, but not limited to: the purchase of luxury items for the Beneficiary; the payment of rent or mortgage payments for the Beneficiary's living quarters; the payment of any insurance premiums for the Beneficiary, including but not limited to those for the Beneficiary's health, major medical, and life insurance; the payment of any type of educational expenses for the Beneficiary; the payment of the Beneficiary's medical expenses; and for any other purpose which is not contrary to the laws of the State of Florida."
.....
The record reflects that the trial judge in awarding the $40 weekly child support failed to consider the trust established for Michel as an available asset and the fact that Michel under the broad trust provisions would be eligible for distributions of the income for the purpose of contributing to the support of his minor child.
The prime criteria by which to measure child support is the child's needs and the parents' ability to pay. Simonet v. Simonet, 279 So.2d 35 (Fla. 4th DCA 1973). In determining a husband's (or wife's) ability to pay, the court properly may and should consider not only the husband's income alone, but also any and all assets available to him regardless of the source. Dixon v. Moody, 352 So.2d 950 (Fla. 1st DCA 1977) and See Sisson v. Sisson, 336 So.2d 1129 (Fla. 1976); 10A Fla.Jur. Dissolution of Marriage § 80 (1973).
We hold that the trust is an asset of Michel Page and, therefore, reverse the child support award of $40 per week and remand the cause to the trial court to reconsider the amount of child support in light of this asset and the income available therefrom.
We next considered the denial of alimony and conclude that although the final judgment recites no alimony was awarded because of the financial inability on the part of Michel, there are additional reasons recited by the trial judge at the conclusion of the final hearing to support the denial of Sandra's alimony request. See Shaw v. Shaw, 334 So.2d 13 (Fla. 1976).
Last, we find no abuse of discretion in denying Sandra an award of attorney's fees.
Affirmed in part, reversed in part.