PER CURIAM.
In the first appearance of this dissolution of a marriage case, Cabrera v. Cabrera, 484 So.2d 1338 (Fla. 3d DCA 1986), we held that the wife was entitled to exclusive occupancy of the marital home for herself and the minor child until she remarried or the child was no longer dependent.
On the question presented this time we hold that the husband is to pay all reasonable household utility expenses. See Thompson v. Thompson, 402 So.2d 1220 (Fla. 5th DCA 1981) (parent’s income is dominant factor to be considered in determining amount of financial duty to support child); Page v. Page, 371 So.2d 543 (Fla. 3d DCA 1979) (prime criteria by which to measure child support is child’s needs and parents’ ability to pay); Doane v. Doane, 279 So.2d 46 (Fla. 4th DCA 1973) (evidence of parents’ respective financial positions and the child’s needs provide basis for court’s award of child support). The record reflects that Mrs. Cabrera, who did not work during the marriage and is unemployed because of a present lack of marketable skills, is not financially able to pay the expenses. Mr. Cabrera owns a controlling interest in a general contracting corporation and has the present ability to provide utilities for the home. See Cabrera.
Our implicit affirmance of the child support award in the first appeal does not by the law of the case doctrine, preclude the trial court’s consideration of that matter on new motions. McKenna v. McKenna, 220 So.2d 433 (Fla. 3d DCA 1969) (with respect to provisions in dissolution decree regarding child's welfare, trial court retains continuing jurisdiction to consider, upon due application, the need for modification where the moving party shows a change of circumstances).
Reversed and remanded.