664 So.2d 1179 (1995)
Margareta DEW and Nancy M. Mitchell, Appellants,
v.
Wilhelm NERRETER, Gretel Hechtel, et al., Appellees.
No. 95-1200.
District Court of Appeal of Florida, Fifth District.
December 29, 1995.
*1180 Anthony Deglomine, III of Dean, Mead, Egerton, Bloodworth, Capouano & Bozarth, P.A., Orlando, for Appellant Margareta Dew.
James J. Files of Cloninger and Files, Oviedo, for Appellees.
COBB, Judge.
The issue in this case is whether the trial court erred in granting attorney fees to the appellee, Wilhelm Nerreter, pursuant to section 733.106(3), Florida Statutes. That statute provides in part that: "any attorney who has rendered services to the estate may apply for an order awarding attorney's fees...."
The personal representative filed a petition for testate administration to probate the last will and testament of the deceased, John Durst. In a response, the appellee, Wilhelm Nerreter, who was represented by attorney James Files, objected and claimed that the will that named Margareta Dew Durst's housekeeper and care giver, as sole beneficiary was secured by fraud and undue influence.
After trial of the matter, the will was admitted, and the court found that there was no undue influence at the time the will was executed. Thereafter, Files filed a petition for an order awarding attorney fees pursuant to the aforesaid statute. He claimed to have acted in "good faith" in seeking denial of probate in regard to the will, and argued that he had "benefited the estate by litigating issues which raised doubts as to whether the testator had been subjected to undue influence, which litigation resulted in a judicial determination of the will's validity." He cited to the case of In re Estate of Lewis, 442 So.2d 290 (Fla. 4th DCA 1983), for the proposition that the term "benefit" as used in the statute was not restricted to services that enhanced the value or increased the assets of an estate. Files sought in excess of $19,000.00 in fees, and after hearing, the court granted the motion for attorney fees essentially on the basis that the challenge to the will was "reasonable."
Section 733.106(3), Florida Statutes has been interpreted to permit attorney's fees when the estate has benefited by the services of counsel. In re Gleason's Estate, 74 So.2d 360 (Fla. 1954); In re Estate of Simon, 549 So.2d 210 (Fla. 3d DCA 1989), rev. denied, 560 So.2d 788 (Fla. 1990). "Benefit" may refer to services that bring about an enhancement in value or an increase in value of the estate. It also refers to services that are successful in simply effectuating the testamentary intention set forth in the will. In re Estate of Lewis, 442 So.2d 290 (Fla. 4th DCA 1983).
Thus, in order to be entitled to attorney fees under section 733.106(3), the attorney's services must have been "necessary for or beneficial to the probate estate." Tillman v. Smith, 526 So.2d 730 (Fla. 5th DCA), rev. denied, 534 So.2d 401 (Fla. 1988). Where the services tend to break down, subtract from or dissipate the estate (i.e., prolonged litigation and delay in administration), there can be no compensation under subsection (3). See In re Gleason's Estate; In re Estate of Simon. No Florida court has authorized attorney's fees under subsection (3) involving an attorney for an unsuccessful will contestant. See In re Estate of Gaspelin, 542 So.2d 1023, *1181 1026 (Fla. 2d DCA), rev. denied, 547 So.2d 1209 (Fla. 1989).
In the instant case, the appellees rely heavily on In re Whitehead's Estate, 287 So.2d 9 (Fla. 1973). Whitehead involved the proponents of an earlier will unsuccessfully contesting a later will (proponents of the older will were entitled to compensation under Rule 5.090, probate and guardianship rules). Whitehead is distinguishable for the simple reason that attorney's fees were awarded to a will proponent pursuant to Rule 5.090(c) (deleted effective July 1, 1977 as being substantive rather than procedural). Rule 5.090(c) is strikingly similar to the current section 733.106(2), and neither is applicable to the current appeal.
The award of attorney fees below is reversed.
REVERSED.
DAUKSCH and ANTOON, JJ., concur.