695 So.2d 714 (1996)
ESTATE OF Conway BROCK, deceased.
Conway BROCK, Jr., Appellant,
v.
Newman D. BROCK, Appellee.
No. 95-1505.
District Court of Appeal of Florida, First District.
July 29, 1996.
*715 Robert W. Goldman of Robert W. Goldman, P.A., Naples, for Appellant.
*716 James P. Judkins of Kitchen, Judkins, Simpson & High, Tallahassee, for Appellee.
JOANOS, Judge.
For the third time, we are called upon to review matters relating to the probate of the estate of Dr. Conway Brock. See Brock v. Brock, 667 So.2d 310 (Fla. 1st DCA 1995); Brock v. Brock, No. 95-94, 1996 WL 362918 (Fla. 1st DCA July 2, 1996). In this case, appellant seeks review of orders assessing costs and authorizing compensation of professionals for work performed in connection with probate of the estate. The issues presented are whether the probate judge erred in (1) assessing costs against appellant without notice and a hearing, (2) authorizing compensation of professionals without findings and with allegedly insufficient evidence, and (3) denying appellant's motion for a continuance. We affirm in part and reverse in part.
The costs at issue in this case arose in the context of a will challenge. Appellant, the decedent's older son and the will contestant, had been named alternate personal representative and co-beneficiary of the residuary estate in an earlier will, but was not a beneficiary under the will admitted to probate. After the judge denied appellant's motion for revocation of probate,[1] appellee, Dr. Brock's younger son and personal representative of the estate, filed a motion to tax costs against appellant in accordance with an itemized list attached to the motion. On February 21, 1995, the probate judge issued an order granting, among other things, appellee's motion to tax costs, and further granting appellant fifteen days to file written objections to any specific costs requested by the personal representative. On March 6, 1995, appellant filed a motion for rehearing of the costs order and general objections to costs, raising as grounds therefor that (1) the original petition filed by appellee did not request costs from appellant; (2) the ruling on costs was premature since the litigation had not concluded at that point; and (3) the order assessing costs did not specify whether costs were awarded under section 733.106 or Chapter 57 of the Florida Statutes.
The motion to tax costs again was considered briefly on March 28, 1995, during a telephone hearing on the personal representative's motion for leave to compensate professionals. At that time, appellant argued that an evidentiary hearing was required for a determination of the costs issue. The probate judge disagreed, expressing the view that appellant would be unable to present anything different from the evidence already considered by the court during trial of the motion to revoke probate. Thereafter, the probate judge issued an order taxing appellant with all costs claimed by the personal representative, with the exception of a claim for photocopy expense in the amount of $22.25.
Appellant asserts the rule on attorney's fees pronounced in Stockman v. Downs, 573 So.2d 835 (Fla.1991), should be construed as applying equally to cost awards. The Stockman opinion addressed decisions of the supreme court and of the district courts of appeal which held that while it was unnecessary to plead a claim for attorney's fees based on statute, an attorney's fee claim based on contract must be pled. 573 So.2d at 836. In response to a certified question, the supreme court held in Stockman that "[a] party seeking attorney's fees pursuant to statute or contract must plead entitlement to such fees." 573 So.2d at 838. Appellant has failed to provide either statutory or case law holding that costs may not be awarded in probate litigation unless pled, and our independent research has not disclosed authority for this proposition.
Generally, costs are considered an incident to the action and need not be claimed in the pleadings. The well settled "rule in chancery cases is that a court of equity may, as justice requires, order that costs follow the result of the suit, apportion the costs between the parties, or require all costs be paid by the prevailing party." Dayton v. Conger, 448 So.2d 609, 612 (Fla. 3d DCA 1984), citing Akins v. Bethea, 160 Fla. 99, 33 So.2d 638, 640 (1948). In Burnett v. Burnett, 197 So.2d 854, 857 (Fla. 1st DCA *717 1967), this court observed that the preferred procedure for the orderly taxation of costs would include service of the motion to tax costs, together with supporting statements and affidavits. The court noted that service upon the opposing party should be made "a reasonable time before the court enters the final judgment or decree, so that there will be sufficient time for the latter party to file any objections he may have to all or any part of such itemization and for the court to hear and adjudicate such items by the time it enters the final judgment or decree." See also Sullivan v. Musella, 526 So.2d 719, 721 (Fla. 2d DCA), review denied, 534 So.2d 401 (Fla.1988).
It appears the taxation of costs in this case was in substantial compliance with the procedure recommended by this court in Burnett. The motion to tax costs included a statement setting forth the items and amounts claimed as taxable costs. In the order granting the motion to tax costs against appellant, the probate judge also granted appellant a fifteen-day period within which to file written objections to specific items of costs claimed. Thus, the motion and the attachment itemizing costs furnished appellant with notice of the costs claimed, and the specific grant of permission to file objections carried with it the implication of further proceedings, if such proved warranted by appellant's objections.
The record indicates that the costs claimed were incurred in the course of the will challenge. Although appellant objected to the motion to tax costs in its entirety, he did not avail himself of the opportunity to file objections to specific items of costs claimed by the personal representative. The court's determination that costs should follow the results of the suit was within the equitable power of the probate judge, and we affirm the order taxing appellant with the costs incurred in his unsuccessful action to revoke probate. See Akins v. Bethea, 33 So.2d at 640; Dayton v. Conger, 448 So.2d at 612.
We reach a different conclusion with respect to the order approving compensation of professionals. First, we reject appellee's suggestion that appellant lacks standing to contest the order. When the order was entered, appellant was an "interested person" within the meaning of sections 731.201(21) and 733.109, Florida Statutes (1993). As such, he had standing to contest the charge against the estate for compensation of professionals.
The parties rely on different sections of the probate code to support their respective positions concerning compensation of the attorneys and the accountant involved in the probate of Dr. Brock's estate. Appellant's argument is predicated upon section 733.106(3), Florida Statutes (1993), which provides:
(3) Any attorney who has rendered services to an estate may apply for an order awarding attorney fees, and after informal notice to the personal representative and all persons bearing the impact of the payment the court shall enter its order on the petition.
This provision has been construed to permit attorney's fees when the attorney's services were necessary for or beneficial to the probate estate. See In re Gleason's Estate, 74 So.2d 360 (Fla.1954); Dew v. Nerreter, 664 So.2d 1179, 1180 (Fla. 5th DCA 1995); Franklin v. Stettin, 579 So.2d 245, 247 (Fla. 3d DCA 1991); In re Estate of Simon, 549 So.2d 210, 212 (Fla. 3d DCA 1989), review denied, 560 So.2d 788 (Fla.1990). The "benefit" to the estate may include services that enhance the value of the estate, as well as services that successfully give effect to the testamentary intention set forth in the will. Dew v. Nerreter, 664 So.2d at 1180; In re Estate of Lewis, 442 So.2d 290, 292 (Fla. 4th DCA 1983).
Appellee maintains he sought court approval of compensation of professionals merely as a cautionary measure, urging that under section 733.6171, Florida Statutes, the personal representative was authorized to pay the fees from estate assets without court order. Section 733.6171, Florida Statutes (1993), provides in part:
(1) Attorneys for personal representatives shall be entitled to reasonable compensation for their services payable from the assets of the estate without court order.

*718 (2) The attorney, the personal representative, and persons bearing the impact of the compensation may agree to compensation determined in a different manner than provided in this section....
....
(4) Upon petition of any interested person, the court may increase or decrease the ordinary compensation of the attorney or award compensation for extraordinary services if the facts and circumstances of the particular administration warrant. In determining reasonable compensation, the court shall consider all of the following factors giving such weight to each as it may determine to be appropriate:
(a) The promptness, efficiency, and skill with which the administration was handled by the attorney.
(b) The responsibilities assumed by, and potential liabilities of, the attorney.
(c) The nature and value of the assets that are affected by the decedent's death.
(d) The benefits or detriments resulting to the estate or its beneficiaries from the attorney's services.
(e) The complexity or simplicity of the administration and the novelty of issues presented.
(f) The attorney's participation in tax planning for the estate and the estate's beneficiaries and tax return preparation or review and approval.
(g) The nature of the probate, nonprobate, and exempt assets, and the expenses of administration and liabilities of the decedent and the compensation paid to other professionals and fiduciaries.
(h) Any delay in payment of the compensation after the services were furnished.
(i) Any other relevant factors.
(5) The court may determine reasonable attorney's compensation without receiving expert testimony. Any party may offer expert testimony after notice to interested persons....
....
(7) Court proceedings to determine compensation, if required, are a part of the estate administration process, and the costs, including fees for the personal representative's attorney, shall be determined by the court and paid from assets of the estate. The court shall direct from which part of the estate they shall be paid.
....
The foregoing factors reaffirm the principle that in deciding upon the amount to be awarded as attorney's fees, a probate court should consider the nature of the services rendered and the necessity for their performance, together with the reasonableness of the charges. See College v. Bourne, 670 So.2d 1118, 1119 (Fla. 5th DCA 1996); Franklin v. Stettin, 579 So.2d at 247.
In this case, appellee, the personal representative, testified that he negotiated attorney's and accountant's fees without reference to the percentage formula authorized by section 733.6171(3). Appellee's testimony touched briefly upon the nature of the services performed by each of the seven professionals. Appellee then stated that in his professional opinion,[2] the bills submitted by the professionals were reasonable. Over objection, appellee's counsel submitted seven affidavits prepared and signed by Mr. Stephen Coover on March 23, 1995. In the affidavits, Mr. Coover averred that he reviewed the files of professionals from different legal communities, and opined that the time allegedly expended and the respective fees sought were reasonable. Appellant objected and sought a continuance, on grounds that the affidavits had not been served upon him prior to the hearing, thereby precluding discovery concerning the basis of the fees claimed.
Section 633.6171 authorizes payment of attorneys from assets of the estate without court order, and authorizes determination of the amount of a reasonable fee in a different manner than provided in subsection (2) of the statute, in those cases where the attorney, the personal representative, and persons bearing the impact of the compensation agree, or raise no objection to the final accounting. *719 Nevertheless, where an increase or decrease in the ordinary compensation is sought, the determination of reasonable fees is not left to the unbridled discretion of the personal representative and the court. Subsection (4) enumerates nine specific factors for consideration in the determination of reasonable fees which deviate from the methodology set forth in subsection (3). There is nothing in this record which demonstrates the probate judge considered the foregoing factors in determining entitlement to, and the amount of, the attorney's fee awards in this case.
The probate judge seemingly predicated his approval of the compensation of the various attorneys who performed services for the estate solely upon the personal representative's testimony. This testimony indicates the personal representative negotiated fees in lesser amounts than were permitted by the code, presumably reducing the fees to be paid by the estate. Despite the implication of savings to the probate estate, we cannot approve the perfunctory manner in which attorney's fees were determined in this case. The applicable statutory and case law establish that the probate judge should have considered the nature of the services rendered and the necessity for their performance, together with the reasonableness of the charges. The hearing transcript contains nothing to suggest that a proper consideration was given to the factors enumerated in section 633.6171(4) as appropriate to the determination of a reasonable attorney's fee in probate proceedings.
In this regard, we reject appellee's implicit suggestion that his motion for leave to compensate professionals was a pro forma exercise. Our reading of section 733.6171(4) leads us to conclude that appellee's petition for a decrease in the ordinary compensation due the attorneys who performed services for the estate was subject to the factors enumerated in subparagraphs (a) through (i) of that provision. Moreover, having sought approval of the probate judge for compensation of professionals, appellee may not avoid the consequences of seeking that approval by now arguing that approval was unnecessary, or that the abbreviated procedure undertaken in this case should be condoned.
As to the portion of the order which approved compensation of the accountant, section 733.6171 does not apply. However, section 733.612(19), Florida Statutes (1993), authorizes the personal representative to employ accountants to advise or assist in performance of the administrative duties of the estate. This provision states that any fees and compensation paid to accountants "associated with, or employed by, the personal representative shall be taken into consideration in determining the personal representative's compensation." Here, appellee is the personal representative and sole beneficiary of the residuary estate. As the sole beneficiary, appellee will bear the diminution of the estate occasioned by payment of the accountant's fee. Therefore, it appears the probate judge did not abuse his discretion in approving the fee sought by the accountant.
As a final note, we do not address the denial of appellant's motion for continuance, because our disposition of the issues concerning costs and compensation of professionals renders this issue moot.
Accordingly, the order taxing costs against the will contestant is affirmed; the order approving compensation of professionals is reversed and remanded for further proceedings.
BOOTH and WOLF, JJ., concur.
NOTES
[1] The probate judge's denial of the motion to revoke probate was affirmed on appeal. See Brock v. Brock, No. 95-94, 1996 WL 362918 (Fla. 1st DCA July 2, 1996).
[2] The record reflects that appellee is an experienced former civil trial attorney. At the time of the proceedings in the lower tribunal, appellee was a circuit court judge.