NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

| | |
|---|---|
| MEDICAL SPECIALISTS OF TAMPA BAY, LLC, | ) ) ) |
| Appellant, | ) ) |
| v. | ) Case No. 2D14-1149 |
| DAVID KELLY, | ) ) ) |
| Appellee. | ) ) ) |

Opinion filed April 15, 2015.

Appeal from the Circuit Court for Pinellas County; Anthony Rondolino, Judge.

Bridget Remington of Himes & Hearn, P.A., Tampa; and Kenneth G.M. Mather of Gunster, Tampa, for Appellant.

Benjamin Hillard of Hillard Law Group, P.A., for Appellee.


VILLANTI, Chief Judge.

Medical Specialists of Tampa Bay, LLC, appeals the final judgment entered in favor of David Kelly in his action for breach of contract and unjust enrichment. We affirm the final judgment in all respects but one. Because the award of costs in the final judgment was entered in violation of Medical Specialists' due process rights, we must reverse this portion of the judgment.

Kelly's claims were tried to the court.  At the close of the bench trial, the court entertained closing arguments, accepted memoranda and case law from the parties, and took the matter under advisement.  The transcript reflects that Kelly's counsel submitted a proposed final judgment to the court just before the parties left the courtroom, although no copy of this proposed final judgment is contained in the record.  At that point in time, Kelly had neither filed a motion seeking costs nor submitted any evidence to the court to substantiate any request for an award of costs.  Nevertheless, the trial court subsequently entered final judgment in favor of Kelly, which judgment included awards of damages, prejudgment interest, and costs.  As Medical Specialists properly points out, the award of costs under these circumstances was improper.

Under Florida law, "it is not sufficient for a party to plead entitlement to fees or costs only in their pretrial pleadings, such as in a complaint or an answer.  A timely motion is also required."  Barco v. Sch. Bd. of Pinellas Cnty., 975 So. 2d 1116, 1124 n.4 (Fla. 2008).  The motion seeking costs must be filed no later than thirty days after the judgment is filed.  See Fla. R. Civ. P. 1.525.  And "the preferred procedure for the orderly taxation of costs would include service of the motion to tax costs, together with supporting statements and affidavits."  Estate of Brock, 695 So. 2d 714, 717 (Fla. 1st DCA 1996).  Service of the motion for costs should be made

> "a reasonable time before the court enters the final judgment or decree, so that there will be sufficient time for the latter party to file any objections he may have to all or any part of such itemization and for the court to hear and adjudicate such items by the time it enters the final judgment or decree."

Id. (quoting Burnett v. Burnett, 197 So. 2d 854, 857 (Fla. 1st DCA 1967)); see also Sullivan v. Musella, 526 So. 2d 719, 721 (Fla. 2d DCA 1988).  To award costs in the

absence of a written motion and evidence and without giving the opposing party the opportunity to be heard on the issue violates procedural due process. Cf. State v. Bennington, 384 So. 2d 42, 43 (Fla. 4th DCA 1980).

Here, Kelly does not dispute that he did not file a motion seeking costs, nor did he file an affidavit or other evidence of what costs he had incurred. He also does not dispute that the trial court did not hold a hearing or provide Medical Specialists with any other opportunity to contest the award of costs prior to the court making it. Given these undisputed facts, the award of costs in the final judgment violated due process, and this award must be stricken. In all other respects, the final judgment is affirmed.

Affirmed in part and reversed in part.

CRENSHAW and SLEET, JJ., Concur.