DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

USILIA EMILIONE and WILLIAM McKENDREE,

Appellants,

v.

KAREN MILTNER; RUNION HOLDINGS, LLC, a Florida
Limited Liability Company; SKYETEC ENGINEERING
SERVICES, LLC, a Florida Limited Liability Company;
and ROGER RUNION,

Appellees.

No. 2D2025-2105
_____

June 10, 2026

Appeal from the Circuit Court for Pasco County; Susan G. Barthle,
Judge.

George Harder of Harder Law, Lutz, for Appellant.

Gavin D. Magaziner of Magaziner Law, P.A., Dunedin, for Appellee
Miltner.

No appearance for remaining Appellees.

SILBERMAN, Judge.

Usilia Emilione and William McKendree challenge an order
awarding Karen Miltner her attorney's fees and costs related to a motion
to discharge a lis pendens. We conclude that the trial court erred in
granting Ms. Miltner's motion for fees and costs because it was untimely

filed more than thirty days after the entry of the order on the lis pendens. We therefore reverse.

## I.  PROCEDURAL HISTORY

Ms. Emilione and Mr. McKendree sued Roger Runion; Runion Holdings, LLC; and Skyetec Engineering Services, LLC, following a dispute related to Runion Holdings' agreement to build a house for Ms. Emilione and Mr. McKendree.  Ms. Miltner is not a party to the lawsuit.

On February 28, 2024, Ms. Emilione and Mr. McKendree filed two notices of lis pendens relating to two separate properties.  One of the properties is individually owned by Mr. Runion, and the second property is jointly owned by Mr. Runion and Ms. Miltner.  Attorney Gavin Magaziner filed a notice of special appearance as counsel for Ms. Miltner for the limited purpose of hearing her and Roger Runion's joint motion to discharge the notices of lis pendens.  On behalf of Mr. Runion and Ms. Miltner, Mr. Magaziner filed an "Emergency Motion to Discharge Lis Pendens, or in the Alternative, Motion to Post Bond, and Motion to Enjoin Plaintiffs and Plaintiffs' Counsel from Filing Additional Official Records in this Action."  The motion requested an award of attorney's fees for his work in seeking the dissolution and discharge of the lis pendens.  Mr. Magaziner also filed a motion for intervention on behalf of Ms. Miltner for the limited purpose of hearing the motion to discharge lis pendens.

After holding a hearing on the motions, the trial court entered an order on April 11, 2024, granting Ms. Miltner's motion for intervention and finding that the motion to discharge the lis pendens was moot because Ms. Emilione and Mr. McKendree agreed to file a discharge of lis pendens for both properties.  The order also states "[t]hat the Court is reserving ruling on attorneys' fees and costs associated with and limited

2

to the preparation of the Motion to Discharge Lis Pendens and the Motion for Intervention, and the hearing related to same."

On November 21, 2024, Ms. Miltner filed a motion for attorney's fees and costs associated with the preparation of the motion to discharge lis pendens, the motion for intervention, and the hearing on the motions. She argued that she was entitled to attorney's fees and costs pursuant to section 57.105(1), Florida Statutes (2024), because Ms. Emilione and Mr. McKendree knew or should have known that the lis pendens associated with the property she jointly owned with Mr. Runion was not supported by the facts or the applicable law, as the property in question was not subject to the underlying lawsuit. She also argued that she was entitled to attorney's fees and costs under section 48.23(3), Florida Statutes (2024), because the notice of lis pendens was wrongly filed.

On March 13, 2025, the trial court issued an order granting Ms. Miltner's motion for attorney's fees and costs and directing that the parties had twenty days to either agree to the amount of attorney's fees and costs or to schedule an evidentiary hearing. Ms. Emilione and Mr. McKendree moved for rehearing, arguing that the motion for attorney's fees was untimely. They argued that the order on the motion to discharge lis pendens that reserved jurisdiction on attorney's fees was entered on April 11, 2024, and because the order was a final order, Ms. Miltner was required to move for attorney's fees within thirty days. As the motion was not filed until November 21, 2024, it was untimely.

The trial court denied the motion for rehearing, ruling that the April 11 order was an interlocutory order, not a final order, and that the thirty-day requirement in Florida Rule of Civil Procedure 1.525 does not apply to interlocutory orders. After an evidentiary hearing, the trial court

entered an order awarding Ms. Miltner $12,585.90 for her attorney's fees and costs.

## II. DISCUSSION

The first issue presented by this appeal is whether the trial court erred in ruling that the April 11 order on the motion for intervention and motion to discharge the lis pendens was a nonfinal order. We review the trial court's ruling on the finality of the order using the de novo standard of review. *See ProntoCash, LLC v. Autoboutique of Mia., Inc.*, 336 So. 3d 1212, 1215 (Fla. 3d DCA 2021) (citing *M.M. v. Fla. Dep't of Child. & Fams.*, 189 So. 3d 134, 137 (Fla. 2016)). An order is final when it ends judicial labor in the case or as to a party. *M.M.*, 189 So. 3d at 137 (citing *S.L.T. Warehouse Co. v. Webb*, 304 So. 2d 97, 99 (Fla. 1974)); *see also* Fla. R. App. P. 9.110(k) ("If a partial final judgment totally disposes of an entire case as to any party, it must be appealed within 30 days of rendition.").

In *ProntoCash*, the Third District was presented with an issue similar to the one in our case. ProntoCash sought review of an order discharging its lis pendens against the property of a nonparty. 336 So. 3d at 1214. The Third District held that the order discharging the lis pendens was a final order, reasoning as follows:

> The order discharging the notice of lis pendens is not a non-final, interlocutory order because there is no pending case against [the nonparty]. . . . The order discharging the lis pendens against her property operates as a final order as to [the nonparty], as there is no further judicial labor anticipated as to her or to her property that was the subject of the lis pendens.

*Id.* at 1215.

Like the order in *ProntoCash*, the April 11 order was entered on a nonparty's motion to discharge the lis pendens. And after the entry of

4

the order, there was no further judicial labor anticipated as to Ms. Miltner or her property. Therefore, the order was a final order, and the trial court erred in treating it as nonfinal in ruling on the timeliness of Ms. Miltner's fee motion under rule 1.525.

Rule 1.525 requires a party seeking attorney's fees and costs to serve their motion "no later than 30 days after filing of the judgment, . . . which judgment or notice concludes the action as to that party." "[I]t is not sufficient for a party to plead entitlement to fees or costs only in their pretrial pleadings, such as in a complaint or an answer. A timely motion is also required." *Med. Specialists of Tampa Bay, LLC v. Kelly*, 162 So. 3d 1053, 1054 (Fla. 2d DCA 2015) (quoting *Barco v. Sch. Bd. of Pinellas Cnty.*, 975 So. 2d 1116, 1124 n.4 (Fla. 2008)); *see also Saia Motor Freight Line, Inc. v. Reid*, 930 So. 2d 598, 600 (Fla. 2006) ("When we adopted rule 1.525, effective January 1, 2001, we established a bright-line time requirement for motions for costs and attorney fees which the Rules of Civil Procedure had not previously contained."). Under rule 1.525, Ms. Miltner was required to file her fee motion within thirty days of the April 11 order.

Ms. Miltner contends that this case falls within an exception to rule 1.525 that was announced in *AmerUs Life Insurance Co. v. Lait*, 2 So. 3d 203, 207 (Fla. 2009). In *AmerUs*, the supreme court held that "once the trial court determines entitlement to attorneys' fees and costs, the thirty-day time requirement for filing motions for attorneys' fees and costs under rule 1.525 is no longer necessary." *Id.*

We conclude that the *AmerUs* exception does not apply here because the order on the lis pendens did not determine Ms. Miltner's entitlement to attorney's fees and costs.

5

> When a court retains jurisdiction to address post-judgment matters such as authorized motions for attorney's fees and costs, *without a specific finding of entitlement* in the order, a party's motion for attorney's fees and costs that is filed more than thirty days after the trial court's order is entered is untimely.

*Lyons Heritage of Tampa, LLC v. Phillips*, 385 So. 3d 656, 660 (Fla. 2d DCA 2024) (quoting *Fleming v. Blackwell-Gomez*, 290 So. 3d 961, 962 (Fla. 3d DCA 2019)).

Ms. Miltner argues that the order did determine her entitlement to fees, but her argument is belied by the specific language in the order stating that the trial court "is reserving ruling on attorneys' fees and costs." In order for the *AmerUs* exception to apply, the final judgment must clearly make a determination that a party is entitled to recover their attorney's fees and costs and that the reservation of jurisdiction is to determine only the amount owed. *Berg v. Scurry*, 412 So. 3d 139, 144 (Fla. 2d DCA 2025). In *Berg*, the appellee filed an affidavit of attorney's fees and costs several months after the trial court entered final judgment. *Id.* at 142. As with the order in this case, the final judgment in *Berg* simply stated that the trial court "reserves jurisdiction to consider an award of appropriate attorney's fees and costs." *Id.* This court held that "[t]he judgment's reservation of jurisdiction to 'consider an award' . . . does not clearly indicate that the only thing left to do is determine an amount." *Id.* at 143-44. Here, because the April 11 order did not clearly make a finding that Ms. Miltner was entitled to attorney's fees and costs and the only thing left to do was to determine an amount, the *AmerUs* exception does not apply and her motion was untimely.

Ms. Miltner's argument is also contradicted by both her November 21, 2024, motion asserting her entitlement to fees and the order dated March 13, 2025, in which the trial court actually made the finding as to

6

entitlement.  That order states that "Karen Miltner's motion for entitlement to her reasonable attorney's fees and costs associated with the preparation and hearing of the Motion to Discharge Lis Pendens and the Motion for Intervention is hereby GRANTED in favor of Karen Miltner and against Plaintiffs Usilia Emilione and William McKendree."

Finally, Ms. Miltner's argument that a stay entered by the trial court extended the thirty-day requirement in rule 1.525 is unpersuasive. The record reflects that the stay was entered on June 28, 2024, well past the thirty-day deadline to file her motion for attorney's fees.

Accordingly, we reverse the order awarding Ms. Miltner her attorney's fees and costs.

Reversed.

VILLANTI and ATKINSON, JJ., Concur.

_____

Opinion subject to revision prior to official publication.