KANNER, Judge.
Appellants, respondents below, seek review of the county judge’s order entered pursuant to a petition by the executor for construction of the wills and determination of the distributees. The executor had alleged that he was in doubt as to the legatees, devisees, and beneficiaries of the estate and was consequently unable to make distribution.
The cause, reported as In re Blankenship’s Estate, Fla.App.1959, 114 So.2d 519, was before this court previously, with the result that the order of the probate court declaring certain testamentary charitable bequests effective was affirmed, and the in-terdictory provision of section 731.19, Florida Statutes, F.S.A., was deemed inoperable to invalidate the charitable bequests involved. The daughter, as heir at law, thereupon through the medium of certiorari petitioned the Supreme Court of Florida for review, asserting conflict between the decision of this court and that of In re Pratt’s Estate, Fla.1956, 88 So.2d 499. The Supreme Court issued writ of certiorari and, finding such a conflict to exist, held that under section 731.19, as amended, the charitable bequests were voidable. In reversing, the court stated that “ *• * * the judgment of the district court is quashed, and the cause remanded for further proceedings consistent with this opinion.” In re Blankenship’s Estate, Fla.1960, 122 So.2d 466, 471.
After the mandate was transmitted to the probate court, the petition to construe the wills and determine the heirs was filed. Appellants by answer sought to invoke the doctrines of dependent relative revocation and cy pres. The probate .judge after hearing entered the order which forms the basis of the present appeal, finding that ap-pellee Thelma Brown was the sole heir at law of her mother, the decedent, Iva Neil Blankenship. Stating that the question of applicability of the dependent relative revocation doctrine had been answered and concluded by the Supreme Court, the probate court held it to be not available to the.petitioners and also held the doctrine of cy pres to be inapplicable and disregarded it.
It is our view that the Supreme Court by its decision foreclosed further consideration of the charitable bequests. We thus do not deem it necessary to discuss the two doctrines.
Affirmed.
SHANNON, C. J., and SMITH, J., concur.