436 So.2d 1096 (1983)
Margaret J. SAMUELS, Appellant,
v.
ESTATE OF Lucia S. AHERN, Appellee.
No. 82-1405.
District Court of Appeal of Florida, Fourth District.
September 7, 1983.
James T. Moore, Plantation, for appellant.
Robert M. Sturrup of Sturrup & Della-Donna, P.A., Fort Lauderdale, for appellee.
DOWNEY, Judge.
Appellant, Margaret J. Samuels, seeks reversal of an order of the circuit court that denied her application for an award of attorney's fees from an estate.
This litigation arose out of the administration of the estate of Lucia S. Ahern. It appears that in 1963, Mrs. Ahern opened a bank account in her name at the Century National Bank of Broward County. In 1978, Mrs. Ahern executed a will, which *1097 contained a specific bequest of $35,000 and other personalty to Margaret J. Samuels. Then, in March, 1979, upon learning that she had a terminal disease, Mrs. Ahern arranged for the bank account to be held jointly with Mrs. Samuels, with a right of survivorship. Finally, in June, 1979, Mrs. Ahern executed a codicil reducing the bequest to Mrs. Samuels to $25,000.
In August, 1979, Mrs. Ahern died and letters of administration were issued to the Landmark First National Bank of Ft. Lauderdale, the personal representative designated in the Ahern will. At Mrs. Ahern's death, the balance of the Century Bank account was $91,277.65. Both the Landmark Bank and Mrs. Samuels claimed title thereto. Therefore, Landmark filed a suit for a declaratory judgment that the funds in the bank account belonged to the Ahern Estate. Mrs. Samuels defended, and claimed the account belonged to her pursuant to Section 659.291, Florida Statutes (1979). A jury trial resulted in a verdict and judgment for Mrs. Samuels, which was affirmed on appeal. Thereafter, Mrs. Samuels filed a motion for allowance of attorney's fees from the Ahern Estate, claiming that the estate had benefited from the services of her counsel in the declaratory judgment suit. The trial court refused to award attorney's fees because the services of Samuels' attorney did not result in any benefit to the Ahern Estate. This appeal ensued to review that order.
The authority for allowing attorney's fees in an estate proceedings is Section 733.106(3), Florida Statutes (1979). Thus, an attorney who has rendered services to an estate may apply for an award of attorney's fees. This provision has been interpreted as requiring that the services benefit the estate. In re Gleasons Estate, 74 So.2d 360 (Fla. 1954); In Re Estate of Stanton Griffis, 366 So.2d 80 (Fla. 4th DCA 1978); In re Farris' Estate, 113 So.2d 721 (Fla. 3rd DCA 1959), cert. den. 116 So.2d 775 (1959). The authorities are clear that the term, "benefit" as used in this context is not restricted to services that bring about an enhancement in value or an increase in the assets of the estate, but also includes services that are successful in simply effectuating the testamentary intention set forth in the will. In re Estate of Stanton Griffis, supra; In Re Estate of Freedman, 340 So.2d 1275 (Fla. 3rd DCA 1977); In Re Barret's Estate, 137 So.2d 587 (Fla. 1st DCA 1962).
Unlike most of the cases in which an attorney's fee has been allowed to one other than the attorney representing the personal representative, in the present case the declaratory judgment action was brought to determine who owned certain personal property, a bank account, which was not a probate asset and, thus, not a part of the estate. The account did not pass under the will and, thus, the decedent's testamentary intention, which is to be as gleaned from the express terms of the will, was not involved. The only feature of the declaratory litigation with any semblance of a relationship to the Ahern Estate proceedings is that the personal representative of the Ahern Estate was the plaintiff.
The declaratory action did not involve the $25,000 bequest to Mrs. Samuels, and the will did not mention the bank account. The action did not affect the distribution of assets under the will; it had no effect upon the testamentary plan set forth therein. Thus, the conclusion is inescapable that the declaratory action in no way benefited the Ahern Estate.
Numerous cases are relied upon by appellant, a resume of which would not be particularly fruitful. However, the case most heavily relied upon is In Re Barret's Estate, supra. In the Barret case, Mrs. Barret owned certain shares of stock, which she had issued jointly to herself and her niece, a Mrs. Oliver, with a right of survivorship. Later, Mrs. Barret executed the will in question, which provided that "all costs of administration of my estate, and any federal and state inheritance or estate taxes, shall be borne pro rata by my entire estate, except that none of the property given and bequeathed under Paragraph hereof designated XII ... shall be charged with any part of such expenses or other charges." *1098 During the administration of the estate, the personal representative sought to construe the quoted provision of the will to require Mrs. Oliver to pay her respective share of the costs and taxes. The court construed the quoted provision to apply only to the probate assets coming into the executor's hands for administration, and excluded Mrs. Oliver's stock from any liability therefor. The court held that Mrs. Oliver's lawyer had rendered services that benefited the estate because those services insured the effectuation of the decedent's testamentary intention.
Concededly, Barret is similar to the present case but the vital distinguishing feature is that Barret involved a construction of the decedent's will. The declaratory action giving rise to this claim did not involve a will construction to determine the intention of the testatrix.
For the foregoing reasons we affirm the order appealed from.
AFFIRMED.
DELL, J., concurs.
WALDEN, J., dissents with opinion.
WALDEN, Judge, dissenting:
I would reverse upon the authority of In Re Barret's Estate, 137 So.2d 587 (Fla. 1st DCA 1962).
There are two aspects to my dissenting position.
First, I do not agree that this case did not involve the construction of Mrs. Ahern's will, but to the contrary. This action was commenced by the personal representative of the Ahern Estate against Mrs. Samuels. Regardless that the Ahern will made no mention of the joint bank account, the personal representative claimed the amounts on deposit in that account as property of the Estate, saying that the decedent had no "intent" to make any gift to Mrs. Samuels. Had the personal representative been successful obviously the money in the account would have been taken from Mrs. Samuels to become assets of the Estate and there administered and distributed according to the terms of the decedent's will. Assuming, as we must, the correctness of the trial court judgment, it necessarily stands for the proposition that Mrs. Ahern's will and the testamentary intention found therein was not sufficiently broad to encompass the bank account so as to deprive Mrs. Samuels of it, she being the surviving joint tenant. To put it another way, Mrs. Samuels' attorney was successful in showing that since Mrs. Ahern's will was silent as concerns the bank account, Mrs. Ahern did not, as a testamentary intention, want the bank account included as an Estate asset. This, in my judgment, amounted to a construction of the Ahern will, albeit negatively, and thereby effectuated the testamentary intention of the decedent. It seems to me to be an unfair anomaly to deny fees to Mrs. Samuels under these circumstances while, if the Estate had been successful in the personal representative capturing the asset, the personal representative would have been clearly entitled to fees for its attorneys.
Second, I do not think In Re Barret's Estate is limited to only those cases involving the testamentary intention found in a will. While such intention is most commonly found, of course, in a will, I posture that it may be found elsewhere as well. Estate planning may involve a decision to limit the size of the probate estate for tax or other reasons. Thus, other mechanisms may be employed so as to wholly or partially dispose of one's estate to others upon death. They may take the form of trusts, insurance policies, powers of appointment, joint tenancies, life estates, and, yes, joint bank accounts with right of survivorship. Therefore, I take issue with any notion that a person's testamentary intention may be found only in a will. And I feel that the intention expressed in alternate form is just as precious and of equal dignity to that expressed in a will, and such intention should be implemented and guarded just as jealously.
In conclusion, with all respect to my differing brethren, I feel that the services of Mrs. Samuels' attorney did, in fact and law, *1099 effectuate the testamentary intention of Mrs. Ahern and there should be compensation awarded from the Estate on account of such services.
I would reverse and remand.