NIMMONS, Judge.
The personal representative of the estate of William A. Howard appeals from a final order awarding attorneys’ fees from the estate to the attorneys for the decedent’s children for the representation of the children in proceedings on the personal representative’s petition to determine beneficiaries. The Howard children (appellees herein) cross appeal from this same order. We affirm.
In November 1985, William A. Howard was murdered. His wife, Peggy Mixon Howard, was indicted for his murder and thereafter acquitted by a jury. In June 1986, the decedent’s personal representative filed a petition to determine beneficiaries, in which he asserted that, notwithstanding her acquittal in the criminal prosecution, Peggy Howard had in fact stabbed her husband to death. The petition sought an order determining whether Peggy Howard had unlawfully and intentionally killed her husband, thus disqualifying her under 732.802, Florida Statutes (1985), from benefiting from his death.[1]
*401 The widow and the Howard children were named as respondents. The Howard children obtained counsel to represent them in the adversary proceedings on the petition. The Howard children took the position that Peggy had unlawfully and intentionally killed the decedent and that she was therefore disqualified under Section 732.802. The attorneys for the Howard children joined forces with the attorney for the personal representative in the effort to bar decedent’s widow from benefiting from the decedent’s death. The trial court found in its final order on the petition to determine beneficiaries that Section 732.802 should apply to preclude Mrs. Howard from taking any benefits as a result of her husband’s death.
Following the entry of the final order on the petition, the attorneys for the Howard children filed a motion to assess attorneys’ fees against the estate. In the evidence adduced at the hearing on the motion, it was demonstrated that, as a result of the outcome on the petition, the Howard children would receive income from the estate’s testamentary trust in the amount of $1,640,634.00, and would take benefit of jointly-held assets which would pass to the estate, and eventually to them, in the amount of $406,750.00, for a total value of estate-related benefits to them of $2,047,-384.00. Additionally, the Howard children would receive total insurance and other financial death benefits payable directly to them as a result of the widow’s disqualification in the sum of $3,593,396.00. These benefits passed outside the decedent’s estate.
Following the conclusion of the hearing, the court entered its order on motion for attorney’s fees. In that order, the court made the following findings:
The attorneys joined forces with the attorney for the personal representative in the effort to bar decedent’s widow from benefiting from decedent’s death on the ground that she had unlawfully and intentionally killed decedent. Counsel for the personal representative candidly admits that many of the services of the children’s attorneys were of substantial assistance in the preparation and presentation of the case against the widow, and that he would have had to perform those services had they not been rendered by the children’s attorneys.
The Court finds that, by their participation, the attorneys for the children, while benefiting their clients, also substantially benefited the Estate by ensuring that the estate was distributed according to decedent’s expressed intent. The attorneys also benefited the estate by preventing certain assets from passing to the widow, thereby increasing the assets and enhancing the value of the estate.
The court found that the attorneys’ services were therefore awardable pursuant to Section 733.106(3), Florida Statutes (1985).[2] The court determined the reasonable fee for the services rendered by the Howard children’s attorneys which benefited the estate to be $144,880.00 and directed payment of that amount by the estate.
Two issues have been raised on this appeal:
I. Whether the attorneys for the Howard children rendered services to the estate which are awardable from the estate pursuant to Section 733.106(3), Florida Statutes; and
II. Whether the trial court should have apportioned the attorneys’ fees between estate and nonestate assets.
We find that the trial court did not err in finding that the attorneys for the Howard children rendered services which benefited the estate and were therefore entitled an award from the estate pursuant to Section 733.106(3). Under that section, an attorney who has rendered services to an estate may apply for the award of his fees. This statute has consistently been interpreted as requiring that the services *402 benefit the estate. In re Gleason’s Estate, 74 So.2d 360 (Fla.1954); In re Estate of Griffis, 366 So.2d 80 (Fla. 4th DCA 1978); In re Estate of Farris, 113 So.2d 721 (Fla. 3d DCA 1959). “Benefit” as used in this context is not restricted to services that bring about an enhancement in value or an increase in the assets of the estate, but also includes services that are successful in simply effectuating the testamentary intention set forth in the will. In re Estate of Lewis, 442 So.2d 290 (Fla. 4th DCA 1983); Samuels v. Estate of Ahem, 436 So.2d 1096 (Fla. 4th DCA 1983); In re Estate of Barret, 137 So.2d 587 (Fla. 1st DCA 1962). See also Segal v. Levine, 489 So.2d 868 (Fla. 3rd DCA 1986) (“An attorney also benefits [‘renders services to’] an estate if, by his actions, the intent of the decedent is established and his estate properly divided”); and In re Estate of Griffis, 366 So.2d 80 (Fla. 4th DCA 1978) (for purposes of entitlement to award of attorney’s fee when attorney for successful contestant renders services to an estate, it is not the fact that the beneficiary who contested the probate was successful, but that by that contest the final will of the decedent was established and his estate properly divided and distributed).
The lower court correctly found that the attorneys for the Howard children rendered substantial benefits to the estate. First, it is evident that the attorneys increased the assets of the estate and enhanced its value. By establishing that the widow unlawfully and intentionally killed the decedent, the interest of the decedent in the entireties property became severed so that it passed to his estate instead of to the surviving spouse. Other assets which passed to the estate as a result of the attorneys’ efforts include the marital home and the benefits of the testamentary marital trust. Second, the children’s attorneys benefited the estate by ensuring that the estate property was divided and distributed according to the decedent’s intent. See Griffis, 366 So.2d at 81, and Segal, 489 So.2d 869. Certainly, it can be presumed that the decedent did not intend that his estate pass to his killer.
Appellant has relied on In re Estate of Blankenship, 136 So.2d 23 (Fla. 2d DCA 1961) for the proposition that where the alleged basis for recovery of attorney’s fees for services benefiting an estate is predicated upon the fact that services were performed which would have otherwise had to have been performed by the personal representative or his attorney, there must be a showing that the personal representative either had not undertaken or could not have achieved the same benefit or performed the same services. However, appellant has misinterpreted Blankenship’s Estate and its application to the instant case. In Blankenship’s Estate, certain charitable devisees of a will had employed independent counsel to represent them in litigation involving the validity of the charitable bequests, which were eventually voided pursuant to a mortmain provision of the Florida Probate Code. The attorneys for the charitable organizations then moved for an award of attorney’s fees from the estate. The appellate court denied their motion for fees, finding that there had been no benefit to the estate, and that the services rendered by the attorneys were not necessary because of the failure of the personal representative to perform his duties.
The Second District said:
The benefit to the estate may be by producing additional assets, or in performing legal services where they became necessary by reason of laches, negligence, or fraud on the part of the personal representative in failing to perform his duties. (e.s.)
136 So.2d at 23. In contrast to the situation in Blankenship’s Estate, the attorneys in the instant case did in fact benefit the estate by producing additional assets. Further, as recognized by the Second District, the attorneys for the charitable organizations did not render services which the personal representative was required to perform. In our case, counsel for the personal representative admitted that many of the services of the children’s attorneys were of substantial assistance in the preparation and presentation of the case against the widow, and that he would have had to *403 perform those services had they not been rendered by the children’s attorneys.
Accordingly, we conclude that the trial court did not err in finding that the children’s attorneys were entitled to compensation for services rendered which benefited the estate under Section 733.106(3).
With respect to the second issue, appellants argue that the estate should not have been required to pay the entire attorneys’ fee because the efforts of the appel-lees’ attorneys produced substantial benefits which were unrelated to the estate. According to appellants, as a result of the favorable ruling on the petition to determine beneficiaries, which was facilitated by the efforts of their attorneys, the Howard children received in excess of $2 million in benefits involving estate assets, and in excess of $3⅛ million in direct monies which passed to the children outside the estate {i.e., pensions and insurance benefits). Appellant asserts that the estate should not be liable for all of the attorneys’ fees connected with services which not only benefited the estate, but also benefited another person or entity. According to appellant, when an attorney renders services which results in tangible benefits to both the estate and another person or entity, the attorneys’ fees for those services should be apportioned between both estate and nones-tate assets.
We agree with the appellees that the trial court was not required to prorate the attorneys’ fees in this case. In setting the fee award, the critical question for the trial judge was whether the attorneys for the Howard children rendered services which benefited the estate. If they did, then pursuant to Section 733.106(3), they were entitled to compensation from the estate. Such compensation, of course, is only for those services which benefited the estate. The extent to which the attorneys’ clients benefit from those same services, i.e., receive collateral benefits (via pensions and insurance benefits which do not pass through the estate) as a result of the favorable judgment in the probate court, is immaterial to the fundamental determination of whether the attorneys rendered legal services which benefited the estate.
Appellant relies on In re Estate of Lieber, 103 So.2d 192 (Fla.1958) and Heirs of Estate of Waldon v. Rotella, 427 So.2d 261 (Fla. 5th DCA 1983). Such reliance is misplaced. In Estate of Lieber, the widow brought a suit for a declaratory decree pertaining not only to the will in the probate estate, but also pertaining to a trust created by the decedent during his lifetime. The attorneys seeking the fees represented both the trustee of the inter vivos trust, and the personal representatives of the estate. In reversing an award of attorney’s fees the appellate court found that there was no evidence delineating between services rendered to the trustee of the trust and those rendered to the estate. The attorneys in Estate of ¡deber simply tried to charge the estate with their entire fee rather than only for those services rendered to the estate.
In Estate of Waldon, Rotella, an attorney, was trustee in bankruptcy of the estate of Blanche Roy, who was also personal representative of her mother’s estate. The court eventually named Rotella to succeed Blanche Roy as the personal representative of the estate. He represented himself as trustee in bankruptcy, as well as personal representative of the estate. Rotella moved for the payment of an interim attorney’s fee, which was granted by the court. The court at the time had no record before it as to what services Rotella had rendered as personal representative, trustee in bankruptcy, attorney for personal representative or attorney for trustee in bankruptcy. The court reversed the award of attorney’s fees to Rotella and held that because of the many “hats” which were being worn by Rotella, it was impossible to determine for whose benefit the legal services were rendered, whether for the bankruptcy estate or the probate estate. The court held that only the services rendered to the probate estate were compensable, reversed the award of attorney’s fees and remanded for an award based on a complete record as to the particular services rendered to the estate.
*404 Once an attorney renders services which benefit the estate, that attorney is entitled to be compensated from the estate for those services. Section 733.106(3). In the present case, the trial court awarded attorneys’ fees to the Howard children’s attorneys only for those services rendered which benefited the estate. The trial court was careful to subtract from the total hours set forth in the attorneys’ affidavit those hours which were of no benefit to the estate. Thus, it is apparent that contrary to appellants’ assertions, the estate was not required to pay all of the attorneys’ fees of the Howard children’s attorneys in this case. The estate was only charged with the payment of fees for those services rendered from which it received benefit. Unlike the situations in Estate of Lieber and Estate of Waldon, the attorneys in the instant case were not seeking an award for services other than for those which benefited the estate.
In their cross-appeal, the Howard children claim that the amount of attorneys’ fees awarded to their attorneys was unreasonable. In support of their claim, cross-appellants assert that the order of the court awarding attorneys’ fees disallowed compensation for services rendered by the Howard children’s attorneys in connection with their petition for compulsory distribution of income and in connection with the widow’s election to receive an elective share of the estate. However, cross-appellants have failed to lay a proper factual predicate for review of this issue.
Accordingly, the trial court’s order awarding attorney’s fees against the estate for the services rendered by the appellees’ attorneys is AFFIRMED.
«TOANOS and WIGGINTON, JJ., concur.

. In a related appeal before this court (Case No. 87-1090), the widow of the decedent appealed from the final order entered upon the personal representative’s petition to determine beneficiaries, in which order the probate court disqualified the widow as a murdering spouse under Section 732.802. In an opinion filed on the same date as this opinion, we rejected the widow’s assertion that the lower court erred in striking her demand for a jury trial.

. Section 733.106(3), Florida Statutes, provides: (3) Any attorney who has rendered services to an estate may apply for ah order awarding attorney fees, and after informal notice to the personal representative and all persons bearing the impact of the payment the court shall enter its order on the petition.