PARKER, Chief Judge.
Judith L. Hemker appeals the final summary judgment entered in favor of Beldene C. Abdul, personal representative of the estate of Michael Evanco, in this probate case wherein Hemker sought to revoke Michael Evanco’s will. We reverse because there are genuine issues of material fact regarding Evanco’s testamentary capacity and undue influence which preclude summary judgment.
Hemker is Evanco’s daughter, and Abdul is Evanco’s stepdaughter. After Evaneo’s death, Hemker filed a petition for administration of Evanco’s estate, and Abdul filed the Last Will and Testament of Evanco dated November 21, 1994. Thereafter, the court admitted the will to probate and approved Abdul as the personal representative of the estate. Subsequently, Hemker filed her petition for revocation. The two main issues in the petition for revocation are whether or not the will had been procured through undue influence and whether Evanco had the testamentary capacity to execute a new will in 1994. Hemker asserted in her affidavit that the terms of the will are contrary to representations made by Evanco or his representatives throughout their lifetimes to Hemker, including within a short time prior to Evan-co’s death, that Hemker was to receive one-half of Evanco’s estate; and that the will was changed in 1994, while Evanco was suffering from physical and mental ailments, to provide that all of his assets be inherited by someone who is not within his natural bounty-
In Abdul’s deposition, Abdul testified that she had lived near Evanco for the last seventeen years, providing help for her mother and Evanco. After the death of her mother, Abdul moved into Evanco’s house in order to care for him during the last four years of his life. Abdul testified that Hemker only visited Evanco once twenty years before his death and again in the hospital when he was dying. Further, in Abdul’s deposition, she merely denies knowing anything about the 1994 will until Evanco gave her a copy of it after it was executed. Abdul testified that she did not know who drafted the will and was sure of the identity of only one of the witnesses to the will which was her daughter. Additionally, she testified about Evanco’s stroke and his mental confusion which raises questions about his testamentary capacity.
The trial court entered final summary judgment based upon the pleadings and Abdul’s deposition. We conclude that the trial court erred because the pleadings and Abdul’s deposition clearly raise material issues concerning Evanco’s testamentary capacity in 1994. Abdul did not produce any evidence negating Hemker’s claim of undue influence and lack of testamentary capacity.
In Florida, if “a substantial beneficiary under a will occupies a confidential relationship with the testator and is active in procuring the contested will, the presumption of undue influence arises.” In re Estate of Carpenter, 253 So.2d 697, 701 (Fla.1971). Abdul, occupied a confidential relationship with Evanco, and her lack of knowledge regarding the- will does not establish conclusively that .Hemker could not prove her attack on the will. See Russo, Mayo, & Bell v. Ross, 545 So.2d 460 (Fla. 3d DCA 1989).-After a full evidentiary hearing, the trial court again may conclude that Hemker’s petition should be denied. However, at this point there are genuine issues of material fact which preclude summary judgment.
Reversed and remanded.
ALTENBERND and GREEN, JJ., concur.