983 So.2d 620 (2008)
Hugo SAN MARTIN & Mark Nelson, Appellants,
v.
DAIMLERCHRYSLER CORPORATION, Appellee.
Nos. 3D05-2573, 3D05-2026.
District Court of Appeal of Florida, Third District.
April 23, 2008.
*621 Krohn & Moss, and Theodore Greene, and Alex D. Weisberg, and Eric Karch; Scott Cohen, for appellants.
Anderson Glenn, and John J. Glenn, Ponte Vedra Beach and E. Holland Brabham, for appellee.
Before GERSTEN, C.J.,[*] and RAMIREZ and SHEPHERD, JJ.
SHEPHERD, J.
In these two consolidated cases, we are asked to decide whether a plaintiff-consumer, who accepts an offer of judgment made by a defendant-manufacturer in a Magnuson Moss Warranty Act (the Act) action expressly reserving to the plaintiff his right to seek an attorney fee award pursuant to the Act, has attained a sufficient level of success in the litigation to entitle him to seek a fee award under the Act. More exactingly stated, the question posed is whether such a consumer-plaintiff "finally prevails" within the meaning of the attorney fee provision in the Act. The provision reads:
If a consumer finally prevails in any action brought [pursuant to this Act], he may be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of cost[s] and expenses (including attorneys' fees based on actual time expended) determined by the court to have been reasonably incurred by the plaintiff for or in connection with the commencement and prosecution of such action, unless the court in its discretion shall determine that such an award of attorneys' fees would be inappropriate.
15 U.S.C. § 2310(d)(2) (1975) (emphasis added). We hold that a consumer-plaintiff who accepts an offer of judgment expressly reserving to the plaintiff his right to seek an attorney fee award satisfies the threshold.

I. Factual Background and Procedural History
There is no material difference in the factual background and procedural history of each of these consolidated cases for purposes of the issue presented in this case. Each Appellant, Hugo San Martin and Mark Nelson, was a plaintiff below. Each purchased a new passenger vehicle from a DaimlerChrysler dealership in South Florida. Each vehicle was delivered with a three-year/36,000 mile manufacturer's warranty, as well as other warranties outlined in the "Manufacturer's New Vehicle Limited Warranty Booklet." Each vehicle is alleged to have been defectively manufactured. Each Appellant alleges he tendered his vehicle to DaimlerChrysler's authorized dealership network for repair without success. Ultimately, each Appellant revoked acceptance of his vehicle and, still unsatisfied, sued DaimlerChrysler for damages under the Act.[1]
*622 Two-and-a-half years into the Nelson litigation and two days after serving a motion for summary judgment directed to all counts of the complaint, DaimlerChrysler served Nelson with a proposal for settlement pursuant to Florida Rule of Civil Procedure 1.442 and section 768.79 of the Florida Statutes (2004). The proposal stated in relevant part: "Defendant DaimlerChrysler shall pay to Plaintiff the total sum of FOUR THOUSAND DOLLARS AND 00/100 ($4,000.00), exclusive of all interest, costs, and attorney's fees. . . ." It also expressly stated, "Defendant Chrysler does not concede that Plaintiff or his attorneys are entitled to any award of attorneys fees as a result of this proposal for settlement or Plaintiff's filing of his Amended Complaint in this action." Finally, the "Release and Confidentiality Agreement," Section 3.0, attached to DaimlerChrysler's proposal, contained a separate express reservation for the "Plaintiff's attorney . . . to motion the court for attorneys' fees he contends that he is entitled to as a result of his representation in this case." Nelson timely accepted the offer through his counsel.
In the case of San Martin, DaimlerChrysler served him with an offer of judgment two months after he filed suit. Except for offering a lesser settlement sum, the proposal was the same in all material respects to that made to Nelson. It stated: "Defendant DaimlerChrysler shall pay to Plaintiff the total sum of ONE THOUSAND FIVE HUNDRED DOLLARS AND xx/100 ($1,500.00), exclusive of all interest, costs, and attorney's fees. . . ." It further stated, "DaimlerChrysler concedes that Plaintiffs' [sic] counsel may seek to prove entitlement to attorneys' fees through a hearing before this Court." San Martin likewise accepted the offer through counsel.
Each Appellant then sought an award of attorney fees. In each case, Appellants argued they were legally entitled to a fee award on the basis they had "finally prevail[ed]" within the meaning of 15 U.S.C. § 2310(d)(2). The respective trial courts disagreed, and their motions were denied. These appeals ensued.

II. Standard of Review
The parties disagree on the proper standard of review. DaimlerChrysler contends the abuse of discretion standard applies because the trial court has the discretion to determine the appropriate amount of attorney fees and costs incurred. Universal Beverages Holdings, Inc. v. Merkin, 902 So.2d 288, 290 (Fla. 3d DCA 2005) ("The standard of review for an award of attorney's fees, whether based on contract or statute, is abuse of discretion."); Gates v. Chrysler Corp., 397 So.2d 1187, 1190-91 (Fla. 4th DCA 1981) (stating that "the question of attorney's fees in [Magnuson Moss Warranty Act cases]" lies within the trial court's "sole discretion").
The appellants contend the de novo standard is the proper standard of review. We agree with the appellants. There is no factual dispute here. The principal issue on appeal is whether the appellants, who as plaintiffs accepted offers of judgment made by DaimlerChrysler, have "finally prevail[ed]" for purposes of pursuing an expressly reserved attorney fees claim under the Act. The issue is one of statutory construction. Construction of a statute is purely a legal question, appropriately subject to de novo review. Maggio v. Fla. Dep't of Labor & Employment Sec., 899 So.2d 1074, 1076 (Fla.2005); Aramark Unif. & Career Apparel, Inc. v. Easton, 894 So.2d 20, 23 (Fla.2004).

III. Nelson and San Martin "Finally Prevailed" for the Purpose of the Fee Award under The Act.
Numerous federal statutes allow courts to award attorney fees and costs to a party *623 who "prevails" under the statute. Although the terminology varies slightly from statute to statutesome statutes use the familiar phrase "prevailing party," while others require a fee claimant to "substantially prevail," or "finally prevail" to establish eligibility for a fee awardin Buckhannon Board & Care Home, Inc. v. West Virginia, 532 U.S. 598, 600, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001), the United States Supreme Court declared that no interpretive difference exists on this basis across these slightly varied fee-shifting statutes. Id. at 603 n. 4, 121 S.Ct. 1835. Relying on Buckhannon, which construes two of the multitude of federal statutes within this prevail-rooted family,[2] DaimlerChrysler contends a party may recover attorney fees under these federal fee-shifting statutes only after securing either a judgment or a court-ordered consent decree. We disagree. We do not think Buckhannon can be read so narrowly.
In Buckhannon, a company that operated assisted living residential care facilities claimed the "self-preservation" requirement in a state statute violated the Fair Housing Amendments Act of 1988 (FHAA) (42 U.S.C. §§ 3601-3631 (1988)), and the Americans with Disabilities Act of 1990(ADA) (42 U.S.C. §§ 12101-12213 (1990)). See W. Va.Code §§ 16-5H-1, -2 (1998) (requiring that all residents of residential board and care homes be capable of "self-preservation," or capable of moving themselves "from situations involving imminent danger, such as fire"). Buckhannon, 532 U.S. at 600, 121 S.Ct. 1835. Before trial, the West Virginia Legislature enacted two bills eliminating the "self-preservation" requirement. The district court granted the respondents' motion to dismiss the case as moot. Id. at 601, 121 S.Ct. 1835.
The petitioners then requested an award of attorney fees as the "prevailing party" under the FHAA, 42 U.S.C. § 3613(c)(2) (1988) ("[T]he court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee and costs."), and the ADA, 42 U.S.C. § 12205 (1990) ("[T]he court . . ., in its discretion may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs."). Buckhannon, 532 U.S. at 601, 121 S.Ct. 1835. They relied on the "catalyst theory," which defines a "prevailing party" as one who "achieves the desired result because the lawsuit brought about a voluntary change in the defendant's conduct." Id. Consulting Black's Law Dictionary and its own precedent, the Court rejected this argument. "[A]lthough perhaps accomplishing what the plaintiff sought to achieve by the lawsuit," the Court said, "[a] defendant's voluntary change in conduct, . . . lacks the necessary judicial imprimatur" or sanction on the change to merit the award of the badge of a "prevailing party" to a plaintiff for the purpose of seeking a fee award under these two statutes. Id. at 605, 121 S.Ct. 1835.
Importantly for our purposes, the Court characterized the phrase "prevailing party" as a "legal term of art," with all of the specialized meaning that the use of such a term connotes. Id. at 603, 121 S.Ct. 1835; see Morissette v. United States, 342 U.S. 246, 263, 72 S.Ct. 240, 96 L.Ed. 288 (1952) ("[W]here Congress borrows terms of art in which are accumulated the legal tradition and meaning of centuries of practice, it presumably knows and adopts the cluster of ideas that were attached to each borrowed word in the body of learning from which it was taken and the meaning its use will convey to the judicial mind unless otherwise instructed."). Apparently *624 with this in mind, the Buckhannon Court further stated:
Our "[r]espect for ordinary language requires that a plaintiff receive at least some relief on the merits of his claim before he can be said to prevail." Hewitt v. Helms, 482 U.S. 755, 760, 107 S.Ct. 2672, [2675], 96 L.Ed.2d 654 (1987). We have held that even an award of nominal damages suffices under this test. See Farrar v. Hobby, 506 U.S. 103, 113, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992).
In addition to judgments on the merits, we have held that settlement agreements enforced through a consent decree may serve as the basis for an award of attorney's fees. See Maher v. Gagne, 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980). Although a consent decree does not always include an admission of liability by the defendant, see, e.g., id. at 126 n. 8, 100 S.Ct. 2570, it nonetheless is a court-ordered "chang[e][in] the legal relationship between [the plaintiff] and the defendant." [Tex.] State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 792, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989) (citing Hewitt, [ ] 482 U.S. at 760-61, 107 S.Ct. 2672, and Rhodes v. Stewart, 488 U.S. 1, 3-4, 109 S.Ct. 202, 102 L.Ed.2d 1 (1988) (per curiam)). These decisions, taken together, establish that enforceable judgments on the merits and court-ordered consent decrees create the "material alteration of the legal relationship of the parties" necessary to permit an award of attorney's fees. [Tex. State Teachers Ass'n,] 489 U.S. at 792-93, 109 S.Ct. 1486, [1494]; see also Hanrahan [v. Hampton, 446 U.S. 754,] 757, 100 S.Ct. 1987[, 1989, 64 L.Ed.2d 670 (1980)] ("[I]t seems clearly to have been the intent of Congress to permit . . . an interlocutory award only to a party who has established his entitlement to some relief on the merits of his claims, either in the trial court or on appeal" (emphasis added)).
Buckhannon, 532 U.S. at 603-04, 121 S.Ct. 1835 (footnotes omitted). Although the Supreme Court in Buckhannon had no need to delineate the precise degrees of legal or substantive success required for a party to achieve the threshold necessary to be a "prevailing party" for purposes of the fee-shifting statutes of this type to resolve the case before it, it is apparent from this discussion that some degree of judicial merit or success must be locatable in a change of the legal relationship between two parties to litigation before the "prevailing party" threshold can said to have been crossed.
Although an attorney fee recovery under the "catalyst theory" falls on the "other side of the line [of cases]," id. at 605, 121 S.Ct. 1835, examined by the Supreme Court where "prevailing party" status was found to attach, we believe that a party who accepts an offer of judgment made pursuant to Florida Rule of Civil Procedure 1.442 and section 768.79 of the Florida Statutes (2004), which expressly reserves the right to seek an attorney fee award, satisfies the threshold level of success required to proceed. According to legal literature, there exist four broad categories of successful plaintiff outcomes inferable from Buckhannon for which a plaintiff may seek a "prevailing party" fee award. See J. Douglas Klein, Note, Does Buckhannon Apply? An Analysis of Judicial Application and Extension of the Supreme Court Decision Eighteen Months After and Beyond, 13 Duke Envtl. L. & Pol'y F. 99, 131 (2002). In order of "strength of legal victory," id., they are as follows: (1) a favorable judicial order on the merits; (2) the procuring of a consent decree; (3) contracting for a private settlement; and (4) voluntary cessation of the offensive action without a legal obligation *625 to do so ("catalyst theory"). Id. The Buckhannon Court has interrupted this line for fee entitlement somewhere between a consent decree (number 2 above) and a private settlement (number 3 above). See Buckhannon, 532 U.S. at 604 n. 7, 121 S.Ct. 1835 ("Private settlements do not entail the judicial approval and oversight involved in consent decrees."). On the other hand, it is apparently not necessary under Buckhannon that a defendant admit liability in a consent decree to qualify a plaintiff in his quest for a fee. Id. at 604, 121 S.Ct. 1835. Instead, there need occur only a "court-ordered" change in the legal relationship of the parties. Id. Our careful study of Buckhannon persuades us that because in the two cases before us the court by rule retained authority to enforce the terms of the accepted offers of judgment, see Fla. R. Civ. P. 1.442(d); Abbott & Purdy Group Inc. v. Bell, 738 So.2d 1024, 1026 (Fla. 4th DCA 1999), these accepted offers were the near functional equivalent of consent decrees in which neither party admits liability. Stated otherwise, the use of the procedural vehicle as it was employed by the parties in this case removes their arrangement from that of a private settlement or voluntary cessation. We note that our sister court, the Second District Court of Appeal, has very recently reasoned to the same result. See Dufresne v. DaimlerChrysler Corp., 975 So.2d 555 (Fla. 2d DCA 2008).

IV. Conclusion
These appellant-consumers seek to entice us to proceed further and find they are entitled to a fee award in these cases on the sole basis that each is, as we have found, a "prevailing party" under the fee-shifting provision of the Act. They argue that this is necessary to remedy an imbalance they believe was created by DaimlerChrysler's use of the offer of judgment vehicle found in Florida Rule of Civil Procedure 1.442 and section 768.79, Florida Statutes (2004). We decline this entreaty by the appellant-consumers.
The fee-shifting provision in this case is typical of dual pronged fee-shifting statutes that permeate the United States Code. Union of Needletrades, Indus. & Textile Employees, AFL-CIO, CLC v. U.S. Immigration & Naturalization Serv., 202 F.Supp.2d 265, 268-71 (S.D.N.Y.2002). It consists of two distinct elements: (1) a description of the level of success a petitioning litigant must achieve, and (2) the level of discretion given to the court to award such fees. The elements are to be considered independently of each other. We today have addressed the first element. We have found that the appellant-consumers in these cases are eligible to seek an award of attorney fees under section 2310(d)(2) of the Act. However, the Act expressly reserves the right to courts to decline to award a fee where "the court in its discretion shall determine that such an award of attorneys' fees would be inappropriate." 15 U.S.C. § 2310(d)(2).
In this case, counsel for the plaintiffs urge they are deserving of fees. DaimlerChrysler suggests that counsel are legal profiteers. In cases where the Act has been misused, the trial court has the discretion to award no fee. See, e.g., Gallo v. Am. Isuzu Motors, Inc., No. 85552, 2005 WL 2241010 (Ohio Ct.App. Sept. 15, 2005); Hibbs v. Jeep Corp., 666 S.W.2d 792 (Mo. Ct.App.1984). In meritorious cases, a proper fee can be awarded. See, e.g., Gibbs v. Hyundai Motor Am., No. Civ. A. 96-6345, 1997 WL 325788 (E.D.Pa. June 4, 1997); Mike v. Chrysler Corp., No. 94-CV-5002, 1995 WL 322500 (E.D.Pa. May 23, 1995); cf. Remington v. Remington, 711 So.2d 212, 212 (Fla. 4th DCA 1998) (confirming the authority of the courts of this state applying state law principles to refuse to enforce agreement provisions for *626 attorneys fees when equity requires). We reverse the orders below and remand for a determination whether plaintiffs counsel are deserving in these cases.
Reversed and remanded with directions.
NOTES
[*] Did not participate in oral argument.
[1] The amended complaint in the Nelson case includes a count seeking to appeal an adverse decision of the Florida New Motor Vehicle Arbitration Board, see § 681.1095, Fla. Stat. (2004), on claims brought by him relating to the same alleged defects that were the subject of his circuit court action. We do not address whether Nelson's ability to seek fees under 15 U.S.C. § 2310(d)(2) extends to this count of Nelson's amended complaint.
[2] The term "prevailing party" appears at least seventy times in the current United States Code. Buckhannon, 532 U.S. at 611, 121 S.Ct. 1835 (Scalia, J., dissenting).