991 So.2d 1013 (2008)
Tcherina DUNCOMBE, Appellant,
v.
Phyllis S. ADDERLY, Anthony L. Swilley, Sr., and G. Yvonne Swilley Carter, Appellees.
No. 4D07-3193.
District Court of Appeal of Florida, Fourth District.
October 8, 2008.
*1014 Brian M. O'Connell and Ashley N. Girolamo of Casey, Ciklin, Lubitz, Martens & O'Connell, West Palm Beach, for appellant.
Maurice J. Hall of the Law Office of Maurice J. Hall, West Palm Beach, for appellees.
KLEIN, J.
The probate court denied appellant's petition for attorney's fees for rendering services to an estate, because "there has been no increase in value to the estate, nor has it been demonstrated that the petitioner carried out the intent of the testator." We conclude the statute authorizing fees should not be read so narrowly and reverse.
Duncombe is the daughter of the decedent, and the appellees, her adversaries in these proceedings, are also children of the decedent. The appellees petitioned for appellee Adderly or her lawyer to become the administrator of the estate. Duncombe objected and petitioned the court to appoint a disinterested third party.
At the hearing on the competing petitions for administration it was stipulated that, from 1995 until her death in 2003, decedent suffered from Alzheimer's. During this period the appellees procured transfers of decedent's real estate to themselves. It was Duncombe's position that these transfers were improper, that the estate would have to challenge those transfers, and that Adderly, who was one of the transferees, had a conflict of interest, as did her lawyer. Duncombe also opposed probate of a handwritten one page will, executed in 1995, which named Adderly as administrator of the estate.
The court did not admit the will to probate and denied appellee's petition to appoint Adderly or Hall as administrator. The court granted Duncombe's petition to appoint a third party because there was a potential conflict of interest between Adderly and the estate.
*1015 Duncombe then sought attorney's fees incurred during these proceedings under section 733.106(3), which provides "any attorney who has rendered services to an estate may be awarded reasonable compensation from the estate." The trial court believed that there had to be an enhancement in value or an advancement of the testator's intent as set forth in the will, citing Samuels v. Estate of Ahern, 436 So.2d 1096, 1097 (Fla. 4th DCA 1983), in which we stated:
Thus, an attorney who has rendered services to an estate may apply for an award of attorney's fees. This provision has been interpreted as requiring that the services benefit the estate. The authorities are clear that the term, "benefit" as used in this context is not restricted to services that bring about an enhancement in value or an increase in the assets of the estate, but also includes services that are successful in simply effectuating the testamentary intention set forth in the will.
[citations omitted.]
We do not read Samuels that narrowly. Preventing the appointment of a personal representative named in the will is a basis for the award of attorney's fees, Baumer v. Howard, 542 So.2d 400 (Fla. 1st DCA 1989), as is obtaining the removal of a representative, In re Estate of Eisenberg, 433 So.2d 542 (Fla. 4th DCA 1983).
Appellees argue that we should affirm because no abuse of discretion has been demonstrated, but that is not the standard of review. Under the undisputed facts in this case, neither Adderly, a transferee of some of the property, nor her lawyer, could have served as personal representative if an interested party objected. The error in this case involved the interpretation of the words "benefit to the estate" in section 733.106(3). We review statutory interpretation de novo. San Martin v. DaimlerChrysler Corp., 983 So.2d 620 (Fla. 3d DCA 2008). Reversed.
HAZOURI and DAMOORGIAN, JJ., concur.