IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

WANDA HAMPTON,

      Appellant,

v.                                    Case No.  5D15-2250

ESTATE OF CLIFFORD L.  ALLEN,

      Appellee.

_____/

Opinion filed August 5, 2016

Appeal from the Circuit Court
for St. Johns County,
J. Michael Traynor, Judge.

Robert W. Bauer, of Law Office of Robert
W. Bauer, Gainesville, for Appellant.

Rosanne P. Perrine, of Law Office of R.P.
Perrine, P.A., Ponte Vedra Beach, for
Appellee.

PALMER, J.

      Wanda Hampton appeals the trial court's order denying her request for statutory

attorney's fees.  We reverse.

      Mary Lou Jordan filed suit against the Estate of Clifford L. Allen, seeking specific

performance of a real estate sales contract that was pending at the time of Allen's death.

Hampton, the specific devisee of said real estate under Allen's will, filed a Motion for

Authority to Defend Civil Action. The trial court granted the motion, reserving Hampton's right to petition the court for reimbursement of the attorney's fees and costs "based on providing a benefit to the estate."

Hampton successfully defended against Jordan's specific performance action, resulting in the dismissal of that action. Thereafter, she filed a claim against the Estate, seeking reimbursement of attorney's fees and costs incurred in defending Jordan's action. See § 733.106(3), Fla. Stat. (2012). The trial court denied the claim, concluding that "the dismissal of the specific performance action did not enhance or increase the assets of the estate and no benefit was bestowed upon or received by the estate."  This appeal followed.

Hampton argues that the trial court erred in denying her claim for attorney's fees because, under section 733.106(3), her attorney's efforts effectuated Clifford L. Allen's intent as embodied in his will. We agree.

Because the trial court's decision to deny Hampton's request for attorney's fees depended on the interpretation of section 733.106(3), the standard of review is de novo. See Duncombe v. Adderly, 991 So. 2d 1013, 1015 (Fla. 4th DCA 2008).

Section 733.106(3) provides: "Any attorney who has rendered services to an estate may be awarded reasonable compensation from the estate." This  provision  has  been interpreted as requiring that an attorney's services benefit the estate. Samuels v. Estate of Ahern, 436 So. 2d 1096, 1097 (Fla. 4th DCA 1983). Florida courts have interpreted benefit to include "services that enhance the value of the estate, as well as services that successfully give effect to the testamentary intention set forth in the will." Estate of Brock, 695 So. 2d 714, 717 (Fla. 1st DCA 1996); accord Estate of Shefner v. Shefner-Holden,

2

2 So. 3d 1076, 1079 (Fla. 3d DCA 2009); <u>Dew v. Nerreter</u>, 664 So. 2d 1179, 1180 (Fla. 5th DCA 1995); <u>Samuels</u>, 436 So. 2d at 1097 (Fla. 4th DCA 1983).

In successfully defending against Jordan's specific performance action, the real estate was transferred to Hampton in accordance with Allen's intent, as embodied in his will. As such, Hampton's request for attorney's fees should have been granted.

REVERSED and REMANDED.


TORPY and LAMBERT, JJ., concur.