DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GEORGES M. DELBROUCK,**
Appellant,

v.

**MARIA EBERLING** as Personal Representative of the Estate of LEON G.
DELBROUCK, **AIME GUY DEBROUCK** and **CLAUDE DELBROUCK,**
Appellees.

No. 4D16-2341

[August 30, 2017 ]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Marc H. Gold, Judge; L.T. Case Nos. PRC-14-000186 and PRC-14-002186.

Brian C. Valentine of the Law Office of Mosier Valentine, P.A., Fort Lauderdale, for appellant.

Scott A. Weiss of Selzer & Weiss, Fort Lauderdale, for Appellee Maria Eberling.

John G. Jordan of John G. Jordan, P.A., Fort Lauderdale, for Appellee Claude Delbrouck.

CYNAMON, ABBY, Associate Judge.

Georges Delbrouck appeals from an order granting summary judgment in a probate case. Appellant, a beneficiary under the subject will, argues that he is an interested person with standing to contest the will and thus, it was error for the trial court to grant summary judgment where he pleaded undue influence and lack of testamentary capacity. We agree and reverse. We find it unnecessary to address the remaining arguments on appeal.

Leon G. Delbrouck died January 1, 2014, and was survived by his three sons—appellant, Aime Guy Delbrouck, and Claude Delbrouck. About three weeks after the decedent's death, the probate court entered an order admitting his June 26, 2013 will to probate. The order noted that the decedent's will appointed Maria Eberling—Aime's ex-girlfriend—as the

personal representative. Aime was appointed as the substitute personal representative. The will divided the decedent's assets equally among his three sons, who would have been the decedent's heirs at law had there been no will.

In May 2014, appellant petitioned for revocation of probate. Appellant eventually filed a second amended petition, alleging that the will was procured by undue influence and overreaching on the part of Aime and the personal representative, the decedent lacked capacity, and the personal representative failed to notify appellant of the administration of the estate because the notice was mailed to the wrong address. The petition further alleged that the personal representative gave preference to Aime in the administration of the Estate. Appellant sought, *inter alia*, revocation of probate and a vacation of the appointment of the personal representative.

Without responding to appellant's petition, the personal representative served a motion for summary judgment in February 2016, alleging that even if there had been undue influence or if the will had been executed when the decedent lacked testamentary capacity, appellant would not receive any benefits by successfully revoking probate. The personal representative filed affidavits from Aime and Claude, who each attested that they would nominate the same personal representative and reject appellant's attempt to seek an alternate representative.

Appellant filed two memoranda of law in opposition to the motion for summary judgment, arguing, *inter alia*, that there was undue influence, the decedent lacked testamentary capacity, and the motion erroneously relied on *Newman v. Newman*, 766 So. 2d 1091 (Fla. 5th DCA 2000). Appellant further alleged that the personal representative allowed Aime access to the estate's real property and assets to the exclusion of the other beneficiaries. Specifically, appellant claimed the personal representative demanded that he vacate real property owned by the estate but did not make the same demand of Aime, who occupied a warehouse property owned by the estate, or of Claude, who occupied a condominium owned by the estate. Moreover, appellant added that the personal representative and Aime removed personal property from the decedent's former residence, and destroyed or disposed of it, without providing an accounting. Appellant submitted various exhibits in opposition to the summary judgment motion, including deposition testimony by Aime, by the personal representative, and by the attorney who drafted the will.

In June 2016, the probate court conducted a hearing on the motion for summary judgment. The personal representative argued that appellant

2

was in a no-win situation because: (1) appellant did not allege that there was a prior will that would give him more than what he received under the disputed will; (2) even if the will was not probated, appellant would have been entitled to the same one-third share of the estate through intestate succession; and (3) the personal representative would remain unchanged based on the affidavits from appellant's two brothers. Appellant acquiesced that both the will and intestate succession would give him the same one-third distribution of the decedent's estate but argued still for revocation of the will based on its alleged improper creation.

The probate judge initially suggested deferring ruling on the motion for summary judgment until an evidentiary hearing was held on an outstanding motion to remove the personal representative and on another motion to dismiss that motion to remove the personal representative. However, the parties disputed that course of action, and after more argument and a recess, the probate judge made the following statement on the record:

> Okay. I've been going through this six different ways and I brought it up and it appears that there is no question in my mind as to the issue of whether we go forward on the will or we go intestate. The consequences of that decision are meaningless. There is nothing. And given the reliance on *Newman*, I just want to quote one sentence and I think I read this two or three times, but let me just read it again. I think this is at page three. "An interested person is defined as any person that may reasonably be expected to be affected by the outcome of the particular proceeding involved."
>
> I don't believe that Georges Delbrouck is affected in any way on the outcome of this issue. I don't think he has standing to make an argument on this and I'm going to agree with the Petitioner on this matter.
>
> Having said that, I want -- there is an outstanding Motion to Dismiss regarding the motion to remove the personal representative. I want that set quickly. I want, and depending on my ruling I want if there is going to be an evidentiary hearing on that, I want that set quickly. But as to today's hearing, I will agree with Mr. -- the Petitioners -- well, whoever I said I agree with, the Respondent.

The probate court ultimately granted the motion for summary judgment. The written order stated that the court had heard the

arguments of counsel and had reviewed the record summary judgment evidence, but the order did not provide the court's reasoning for granting summary judgment in favor of the personal representative. This appeal ensued.

Appellant now argues on appeal that he is a substantial beneficiary under the will and a putative heir under intestacy law, making him an "interested person" in every sense of the term, and thus the probate court erred in granting summary judgment. Appellant also argues that summary judgment was further precluded since there were disputed issues of material fact regarding appellant's claims for undue influence and lack of testamentary capacity.

The personal representative contends that summary judgment was appropriate as a matter of law. She maintains that while appellant is an interested person by being a named beneficiary, in order to establish his standing to seek revocation of probate, appellant would have had to establish also that he would benefit from a successful revocation proceeding. The personal representative further argues that the motion for summary judgment did not address undue influence or lack of testamentary capacity, and even if the allegations were true, which she disputes, appellant still would not be able to establish that he had a benefit to gain by revoking the will.

We review an order granting summary judgment de novo. *Dennis v. Kline*, 120 So. 3d 11, 20 (Fla. 4th DCA 2013). Summary judgment is proper only where there is no genuine issue of material fact and where the moving party is entitled to judgment as a matter of law. *Volusia Cty. v. Aberdeen at Ormond Beach, L.P.*, 760 So. 2d 126, 130 (Fla. 2000). We also review de novo the interpretation of statutes. *Duncombe v. Adderly*, 991 So. 2d 1013, 1015 (Fla. 4th DCA 2008).

Here, the trial court committed two errors in granting the motion for summary judgment. First, it was error to grant the motion for summary judgment on the basis that appellant did not have standing. Second, because appellant had standing, it was error to grant summary judgment where the personal representative failed to refute the factual allegations of undue influence and lack of testamentary capacity that were raised in the second amended petition to revoke probate. We now address each error in turn.

"[S]tanding to bring or participate in a particular legal proceeding often depends on the nature of the interest asserted." *Hayes v. Guardianship of*

*Thompson*, 952 So. 2d 498, 505 (Fla. 2006).[1] An interested person may seek revocation of probate. *See* § 733.109(1), Fla. Stat. (2014). An interested person is "any person who may reasonably be expected to be affected by the outcome of the particular proceeding involved." § 731.201(23), Fla. Stat. (2014). Even the personal representative of an estate is deemed an "interested person" in proceedings affecting the estate or the rights of a beneficiary of the estate. *Id.*

Here, appellant falls within the definition of an interested person within the meaning of section 733.109(1), since he was both a beneficiary under the will and an heir at law, and he would have been affected by the outcome of the revocation petition insofar as a successful revocation would have subjected the personal representative—whom appellant alleged was improperly administering the estate and giving preferential treatment to the other beneficiaries—to removal under section 733.504(10), Florida Statutes (2014). There is no requirement in the plain language of the statute that appellant prove his share of the estate would have been different if his revocation attempt succeeded. Consequently, the trial court's and the personal representative's reliance on *Newman* was misplaced insofar as they interpreted the holding in *Newman* to find that appellant lacked standing to challenge the will. *Newman* is easily distinguishable from the instant case.

The petitioner in *Newman* was found not to be an interested person and therefore lacked standing because he had been disinherited in the challenged 1962 will as well as in a previous 1954 will. 766 So. 2d at 1093-94. Moreover, the *Newman* court noted that seeking justice by punishing alleged will forgers was an insufficient basis to confer standing to challenge a will. *Id.* at 1094. Thus, the only logical reason for the petitioner's challenge, the court found, was to delay the distribution of the decedent's estate such that his stepmother's interest in the estate, which was the entire estate, would lapse. *Id.* As such, the court held that the petitioner should not benefit by his intentional efforts to delay distribution of the estate. *Id.* The Fifth District later interpreted its *Newman* decision to mean that "a petitioner may not be an interested person in revocation and removal proceedings if previous and presumptively valid wills have been discovered that, similar to the current will, do not include petitioner as a beneficiary of the estate." *Wehrheim v. Golden Pond Assisted Living*

---

[1] For example, in *Hayes*, our supreme court held that "a person, including an heir of a ward, has standing to participate in a guardianship proceeding if the applicable provisions of either the Florida Guardianship Law or the Florida Probate Rules entitle the person to notice of the proceeding or authorize the person to file an objection in the proceeding." *Id.* at 500.

*Facility*, 905 So. 2d 1002, 1006 (Fla. 5th DCA 2005) (citations omitted). Here, appellant was a beneficiary under the challenged will, was not disinherited in a prior will, and did not seek to delay distribution until the sole beneficiary's interest lapsed in order to obtain an interest, rendering *Newman* wholly inapplicable.

While the affidavits of appellant's brothers suggest that the current personal representative would receive preference to be reappointed pursuant to section 733.301(1)(b), Florida Statutes (2014), even if appellant were to successfully revoke the will, this preference would not result in mandatory or automatic appointment. *See In re Estate of Snyder*, 333 So. 2d 519, 520 (Fla. 2d DCA 1976) (noting that an individual may be considered unsuitable to administer an estate if there is an adverse interest, hostility to those immediately interested in the estate, or an interest adverse to the estate). The *Snyder* court further held:

> Where the record supports the conclusion that a person occupying the position of statutory preference does not have the qualities and characteristics necessary to properly perform the duties of an administrator, it would be an anomaly to hold that a probate court, which has historically applied equitable principles in making its judgments, does not have the discretion to refuse to appoint him simply because he did not fall within the enumerated list of statutory disqualifications.

*Id.* at 521. Here, if the will were revoked as a result of the undue influence of Aime and Maria, appellant would have a reasonable argument that the probate court should refuse to reappoint Maria as personal representative. Thus, because appellant would potentially gain the appointment of a different personal representative if the will were revoked, appellant has a legally cognizable interest that would be affected by the outcome of the revocation petition.

Next, the effect of the personal representative's failure to file an answer to the second amended petition to revoke probate, or to otherwise refute the claims raised in the petition, was to leave unrebutted the facts alleged by appellant in the complaint. *See* Fla. R. Civ. P. 1.110(e). Specifically, these claims were: (1) that the decedent lacked capacity at the time he executed the will because the medication he was taking affected his cognitive abilities; and (2) that the decedent was unduly influenced by Aime and Maria, who "removed the decedent from his home" and "spirited him away" to a lawyer's office to execute a new will.

Moreover, appellant's exhibits in opposition to the motion for summary judgment supported the allegations of undue influence and lack of testamentary capacity raised in the petition. The exhibits included deposition testimony from Aime stating that he had driven the decedent and the personal representative to the attorney's office, that he suggested the appointment of Maria as the personal representative, and that he had a power of attorney allowing him to control the decedent's checkbook. The affidavits also included medical notes stating that the decedent had some memory deficits that were filled in by his son, who was knowledgeable about the decedent's health condition, as well as additional deposition testimony from Aime claiming not to be sure or not to remember whether the decedent had been diagnosed with dementia or Alzheimer's.

While it was permissible for the personal representative to file a motion for summary judgment without filing an answer to the second amended petition for revocation, it was error for the court to grant summary judgment where appellant had standing to seek revocation and the unchallenged petition stated causes of action for undue influence and lack of capacity. The petition, and subsequent deposition evidence, raised factual issues which were not refuted by the personal representative at the summary judgment hearing.

The Second District considered this issue in *Hemker v. Abdul*, 716 So. 2d 817 (Fla. 2d DCA 1998). *Hemker*, like the case at bar, involved a petition to revoke probate. *Id.* at 818. Also just like in the case at bar, the petition in *Hemker* to revoke probate asserted lack of testamentary capacity and undue influence. *Id.* The trial court entered summary judgment against the proponent of the petition to revoke probate. *Id.* On appeal, the Second District reversed, finding that both the pleadings and the deposition of the proponent of the will raised unresolved factual issues as to the presence of undue influence on the decedent and the decedent's testamentary capacity. *Id.* The Second District also noted that reversal of the summary judgment was necessary because the proponent of the will failed to present any evidence to counter the allegations of undue influence and lack of testamentary capacity. *Id.* In the case at bar, just as in *Hemker*, the personal representative failed to present any evidence at the summary judgment hearing to refute the allegations of undue influence and lack of testamentary capacity raised by the second amended petition.

In conclusion, we hold that it was error for the probate court to grant summary judgment. As an interested person, appellant had standing to contest the will. Moreover, the personal representative's failure to respond to the allegations in the second amended petition left unrebutted appellant's claims of undue influence and lack of testamentary capacity.

7

Therefore, the court erred in granting the personal representative's motion at this point in the proceedings. Thus, we reverse the summary judgment and remand to the probate court for further proceedings consistent with this opinion.

*Reversed and Remanded.*

DAMOORGIAN, J., concurs.
KUNTZ, J., concurs in result only with opinion.

KUNTZ, J., concurring in result.

I agree that reversal is required because section 733.109(1), Florida Statutes (2015), provides that any interested person may commence a proceeding to revoke the probate of a will. While the appellant will receive the same one-third share of the estate regardless of whether the estate is probated or distributed intestate, the legislature has not required an interested person to demonstrate that their share will increase before the person may seek revocation of probate. However, while I join in the reversal, I would limit our decision to the grounds the court actually decided. We do not need to address other arguments regarding the court's summary judgment.

I also recognize the court was seeking to proceed in a manner that would not prejudice any party and would expedite the distribution of the estate. In the briefs and at oral argument, counsel struggled to explain how the actual beneficiaries would benefit by revoking the probate. In fact, it was agreed that each beneficiary will receive a one-third share of the estate regardless of the manner in which it is distributed. The appellant's actual complaints are with the personal representative, as evidenced by a separate civil action he filed seeking to remove her. I agree with the probate judge that the issues the appellant raises in his section 733.109 petition would be better and more efficiently addressed by resolving that separate action. Unfortunately, the appellant has not sought to expedite that litigation.

The court granted summary judgment based upon its conclusion that the appellant lacked standing. I agree that pursuant to section 733.109, the appellant had standing to seek to revoke the probate. Therefore, I would reverse the entry of summary judgment on that basis, but would go no further.

8

\*          \*          \*

*Not final until disposition of timely filed motion for rehearing.*